# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 05-1045

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

SHAWNDALE L. JAMISON,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04 CR 133—**John C. Shabaz**, *Judge.*

———————

ARGUED JUNE 9, 2005—DECIDED JULY 20, 2005

———————

Before BAUER, RIPPLE, and MANION, *Circuit Judges*.

BAUER, *Circuit Judge*. Shawndale Jamison appeals his sentence on the ground that it violates the *ex post facto* clause of the United States Constitution. Since Jamison had fair warning of the possible penalties for his actions, we find that his sentence passes muster under *ex post facto* and due process principles and affirm.

### Background

In 2004, Jamison was indicted on four counts of distributing cocaine base. He pled guilty to count one of the indict-

ment and admitted that his total offense conduct was at least two grams, but less than three grams of cocaine base. The probation officer summarized Jamison's relevant conduct and concluded that he was responsible for 3.8 grams of cocaine base. This elevated figure included an amount from a June 22, 2004 cocaine sale in which Jamison denies that he participated.

The district court determined that the Sentencing Guidelines could not be constitutionally applied in this case, given that Jamison did not stipulate to all the facts supporting the increased drug amount, and sentenced Jamison to 38 months in prison, treating the Guidelines as advisory. The court then imposed an alternative sentence, in the event that the Guidelines were found to be constitutional by the Supreme Court, also of 38 months imprisonment.

### *Discussion*

In *United States v. Booker*, 125 S.Ct. 738 (2005), the Supreme Court, in two majority opinions, held that (1) the constitutional rule announced in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), applies to the Guidelines; and (2) the Guidelines are no longer mandatory, but advisory. 125 S.Ct. at 745-69. Jamison claims that the application of the remedial holding of *Booker*, rendering the Guidelines advisory, violates the *ex post facto* clause of the Constitution by exposing him to a longer maximum sentence. Jamison essentially seeks a sentence that comports with the Sixth Amendment requirements of *Booker*, but wants to avoid the possibility of a higher sentence under the remedial holding of *Booker*. Unfortunately for Jamison, the Supreme Court clearly instructed that both holdings should be applied to all cases on direct review. 125 S.Ct. at 769.

Our analysis of Jamison's claim is controlled by *Rogers v. Tennessee*, 532 U.S. 451 (2001). While reiterating that the *ex post facto* clause is a limitation upon the legislature and

does not apply to the courts, the Court also recognized that "limitations on *ex post facto* judicial decisionmaking are inherent in the notion of due process." *Id.* at 456. These judicial limitations are most concisely reflected in the basic principle of fair warning. The Court rested its rationale on "core concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459.

Jamison knew that he was committing a crime at the time he distributed cocaine base. The new judicial interpretation of the law brought about by *Booker* affects his punishment, not whether his conduct was innocent. Distributing cocaine base was not made a crime by the Court's decision in *Booker*. Jamison also had fair warning that distributing cocaine base was punishable by a prison term of up to twenty years, as spelled out in the United States Code. Jamison had sufficient warning of the possible consequences of his actions, and his sentence does not run afoul of any of the core concepts discussed in *Rogers*. We therefore join the Fifth and Eleventh Circuits in rejecting an *ex post facto* claim based on the remedial holding in *Booker*. *See United States v. Scroggins*, 2005 WL 1324808 (5th Cir. 2005); *United States v. Duncan*, 400 F.3d 1297 (11th Cir. 2005).

### *Conclusion*

The sentence imposed by the district court does not violate the *ex post facto* or due process clauses of the Constitution and is AFFIRMED.

A true Copy:

      Teste:

                        _____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*