**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 05-4370

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLAYTON W. HACKNEY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-04-135)

———————

Submitted: August 31, 2005        Decided: September 14, 2005

———————

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Michael L. Desautels, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Clayton W. Hackney pled guilty to manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2000); possession of a firearm while an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2) (2000); and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d), 5871 (2000). His sentencing occurred on March 21, 2005, after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), ruling that its decision in Blakely v. Washington, 542 U.S. 296 (2004), was applicable to the federal sentencing guidelines. The district court, in sentencing Hackney, carefully and thoroughly applied the holding in Booker. The court sentenced Hackney to sixty-three months of imprisonment, followed by three years of supervised release.

On appeal, Hackney raises one issue, which he did not raise in the district court. He argues that his due process rights, as informed by ex post facto principles, are violated by the imposition of a sentence under the Supreme Court's remedial decision in Booker (referring to the Court's opinion expressed through Justice Breyer, which makes the guidelines advisory rather than mandatory), rather than under the mandatory guidelines applicable at the time of his offense. Reviewing this claim for plain error, we find none. See United States v. Olano, 507 U.S. 725, 731-32 (1993) (plain error standard); United States v.

<u>Jamison</u>, 416 F.3d 538 (7th Cir. 2005) (rejecting ex post facto claim); <u>United States v. Lata</u>, 415 F.3d 107 (1st Cir. 2005) (same); <u>United States v. Scroggins</u>, 411 F.3d 572, 576 (5th Cir. 2005) (same); <u>United States v. Duncan</u>, 400 F.3d 1297 (11th Cir. 2005) (same), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. July 20, 2005) (No. 05-5467).

Having found that Hackney failed to establish plain error under the <u>Olano</u> standard, we affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>