**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Decided September 21, 2005

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Nos. 03-2056 & 03-2171

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>   *v.*<br><br>ARTURO GARCIA PARRA and<br>MAGDALENA CORREA,<br>    *Defendants-Appellant*s. | Appeals from the United States<br> District Court for the<br> Western District of Wisconsin.<br><br>No. 02-CR-0092-C<br><br>**Barbara B. Crabb**, *Chief Judge*. |

**O R D E R**

On March 29, 2005, this court affirmed the convictions of Arturo Garcia Parra and Magdalena Correa for conspiring to distribute and possess with intent to distribute in excess of 500 grams of cocaine, and for the substantive offense of possessing with intent to distribute more than 500 grams of cocaine. *United States v. Parra,* 402 F.3d 752 (7th Cir. 2005). In that opinion, we considered and rejected various challenges that both defendants made to the way in which the district court had applied the federal Sentencing Guidelines when it determined what sentence was appropriate for each one. See *id.* at 762-63 (Garcia Parra); 766-67 (Correa). Nonetheless, because the district court had imposed Garcia Parra's sentence of 63 months and Correa's sentence of 121 months at a time when all thought that the Guidelines were mandatory, we ordered a limited remand in accordance with our decision in *United States v. Paladino,* 401 F.3d 471 (7th Cir. 2005), so that the district court could advise us whether it was inclined to impose the same sentence or to resentence now that the Supreme

Court has held that the Guidelines may be applied only in an advisory fashion. See *United States v. Booker,* 125 S.Ct. 738 (2005).

After obtaining the views of counsel, the district court issued an order on April 27, 2005, in which it informed us that it "could state with confidence that [the court] would have imposed the same sentences on both defendants at the time of their original sentencing had [it] known that the sentencing guidelines are advisory and not binding." On May 10, 2005, the court issued a second order in which it denied defendant Correa's motion for reconsideration. The latter order rejected Correa's argument that it would violate the Ex Post Facto clause of the United States Constitution, Art. I, sec. 9, cl. 3, to impose any sentence calculated under the Guidelines that depends on facts found by the judge.

Upon receiving the district court's two orders, we invited the parties to file any arguments concerning the appropriate disposition of the appeal in light of the district court's decision. Correa and the United States have done so; Garcia Parra has not. In her submission, Correa argues only that the district court should have accepted her Ex Post Facto clause point. This court, however, has squarely rejected that argument. See, *e.g., United States v. Paulus,* No. 04-3092, 2005 WL 2000984 *4 (7th Cir. Aug. 22, 2005); *United States v. Jamison,* 416 F.3d 538 (7th Cir. 2005). As the court pointed out in *Jamison*, the only material change here affected Correa's punishment, not her guilt. And with respect to the punishment, she was on notice at all times that distributing in excess of 500 grams of cocaine was punishable by a prison term of up to 40 years, as specified by 21 U.S.C. § 841(b)(1)(B)(ii). *Booker* did not forbid judicial fact-finding in conjunction with sentences; it held only that such fact-finding could not be combined with a system of mandatory Guideline sentencing. Thus, the district court was entitled to find the facts that increased Correa's sentence from the 78 months that she concedes was appropriate to the 121 months she received.

Correa has not offered any other reason that would support a finding that her sentence was unreasonable. Because both Garcia Parra's sentence and Correa's sentence fell within the applicable Guidelines range, they are entitled to a rebuttable presumption of reasonableness. See *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). Because that presumption has not been rebutted here, we can find no plain error in either sentence. We therefore **AFFIRM** the judgment of the district court.