**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-4498**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHAUNN MONROE, a/k/a Mon Mon,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-04-170)

───────────

Submitted: September 16, 2005      Decided: October 13, 2005

───────────

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shaunn Monroe appeals the 63-month sentence imposed following his guilty plea to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). He raises three issues on appeal, contending that: (1) the retroactive application of the remedial holding of United States v. Booker, 125 S. Ct. 738 (2005), violates ex post facto and due process principles; (2) the district court clearly erred in calculating his relevant conduct; and (3) his sentence, imposed by the district court after considering the sentencing guidelines as advisory, is unreasonable. Finding no merit to Monroe's claims, we affirm.

In Monroe's first claim, he argues that his due process rights, in conjunction with ex post facto principles, are violated by the imposition of a sentence under the Supreme Court's remedial decision in Booker (referring to the Court's opinion expressed through Justice Breyer, which makes the guidelines advisory rather than mandatory), rather than under the mandatory guidelines applicable at the time of his offense. We have thoroughly reviewed Monroe's claim and find it to be without merit based on the reasoning of our sister circuits. See United States v. Dupas, 419 F.3d 916 (9th Cir. 2005) (rejecting ex post facto claim); United States v. Jamison, 416 F.3d 538 (7th Cir. 2005) (same); United States v. Lata, 415 F.3d 107 (1st Cir. 2005) (same); United States v. Scroggins, 411 F.3d 572, 576 (5th Cir. 2005) (same); United

- 2 -

States v. Duncan, 400 F.3d 1297 (11th Cir. 2005) (same), petition for cert. filed, __ U.S.L.W. __ (U.S. July 20, 2005) (No. 05-5467).

Next, Monroe claims that the district court clearly erred in crediting the testimony of the confidential informant in his case and holding him responsible for a total of 27.89 grams of cocaine base. A district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). The Government bears the burden of proving relevant conduct by a preponderance of the evidence. United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its accuracy. United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992). Under the guidelines, drug quantities not specified in the counts of conviction are considered relevant conduct when they are part of the same course of conduct or common plan or scheme. U.S. Sentencing Guidelines Manual ("USSG") § 1B1.3(a)(2) (2004). We find that Monroe's previous sales of cocaine base to the confidential informant are sufficiently similar in degree and regularity to include these drug amounts in his relevant conduct. See USSG § 1B1.3, comment. (n.9(B)). We further find that the district court did not clearly err in determining the relevant conduct amount of drug quantity attributable to Monroe.

Finally, we note that Monroe's sentencing occurred on April 6, 2005, after the Supreme Court's decision in <u>Booker</u>. The district court, in sentencing Monroe, carefully and thoroughly applied the holding in <u>Booker</u>. The court sentenced Monroe only after considering and examining the sentencing guidelines and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), as instructed by <u>Booker</u>. The court sentenced Monroe at the bottom of the applicable guideline range and well within the twenty-year statutory maximum. We cannot conclude under these circumstances that Monroe's 63-month sentence is unreasonable.

Accordingly, we affirm Monroe's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>