**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4315**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LONNIE JAMIE GARRIS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. David A. Faber, Chief District Judge. (CR-04-79)

———————

Submitted: September 26, 2005      Decided: October 18, 2005

———————

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Megan J. Schueler, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lonnie Jamie Garris pled guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (2000). His sentencing occurred on March 3, 2005, after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), ruling that its decision in Blakely v. Washington, 542 U.S. 296 (2004), was applicable to the federal sentencing guidelines. The district court, in sentencing Garris, applied the holding in Booker. The court sentenced Garris to sixty-six months of imprisonment, followed by three years of supervised release.

On appeal, Garris contends that his due process rights, as informed by ex post facto principles, are violated by the imposition of a sentence under the Supreme Court's remedial decision in Booker (referring to the Court's opinion expressed through Justice Breyer, which makes the guidelines advisory rather than mandatory), rather than under the mandatory guidelines applicable at the time of his offense. We find that this claim is without merit. See United States v. Jamison, 416 F.3d 538 (7th Cir. 2005) (rejecting ex post facto claim); United States v. Lata, 415 F.3d 107 (1st Cir. 2005) (same); United States v. Scroggins, 411 F.3d 572, 576 (5th Cir. 2005) (same); United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005) (same), petition for cert. filed, __ U.S.L.W. __ (U.S. July 20, 2005) (No. 05-5467).

Garris next challenges his sentence, asserting that it is unreasonable because it is greater than necessary to reflect the

seriousness of the offense, promote respect for the law, and provide just punishment. Garris admits that the sentence is within the properly calculated guideline range. We have carefully reviewed the record and Garris's contentions and find that the sentence imposed by the district court is reasonable. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting after Booker that sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum).

We accordingly affirm Garris's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED