**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4330

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO SCOTT THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  David A. Faber, Chief
District Judge. (CR-04-154)

Submitted:  October 26, 2005       Decided:  November 15, 2005

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Michael L. DeSautels, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Kasey Warner,
United States Attorney, Monica K. Schwartz, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Antonio Scott Thomas pled guilty to possession of a firearm by a prohibited person under 18 U.S.C. § 922(g)(9) (2000). Thomas was sentenced following the Supreme Court's opinion in United States v. Booker, 125 S. Ct. 738 (2005). The district court applied the holding of Booker and sentenced Thomas to thirty months of imprisonment. On appeal, Thomas alleges that he was sentenced in violation of Booker and the Federal Sentencing Guidelines. For the reasons that follow, we affirm.

In Booker the Supreme Court held that the mandatory manner in which the Federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the Guidelines advisory. Booker, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court).

After Booker, courts must calculate the appropriate Guideline range, consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a)

- 2 -

(West 2000 & Supp. 2005), and impose a sentence.  If a court imposes a sentence outside the Guideline range, the district court must state its reasons for doing so.  United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  This remedial scheme applies to any sentence imposed under the mandatory Guidelines, regardless of whether the sentence violates the Sixth Amendment.  Id. at 547 (citing Booker, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 546-47 (citations omitted).

The district court followed Booker and Hughes in sentencing Thomas.  The court sentenced Thomas within his properly calculated Guideline sentencing range and considered the factors in § 3553(a) in deciding his sentence.  We find under these circumstances that Thomas' sentence was reasonable.  Hughes, 401 F.3d at 546-47.

Next, Thomas contends that his due process rights, as informed by ex post facto principles, were violated by the imposition of a sentence under the Supreme Court's remedial decision in Booker (referring to the Court's opinion expressed through Justice Breyer, which makes the Guidelines advisory rather than mandatory), rather than under the mandatory Guidelines applicable at the time of his offense.  We find that this claim is without merit.  See United States v. Jamison, 416 F.3d 538, 539-40 (7th Cir. 2005) (rejecting ex post facto claim); United States v.

Lata, 415 F.3d 107, 110-11 (1st Cir. 2005) (same); United States v. Scroggins, 411 F.3d 572, 575-77 (5th Cir. 2005) (same); United States v. Duncan, 400 F.3d 1297, 1306-08 (11th Cir. 2005) (same), cert. denied, 2005 WL 2493971 (U.S. Oct. 11, 2005) (No. 05-5467).

Finally, Thomas objects to his four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2004), for possessing the firearm in connection with another felony, as was recommended in his presentence report. Following an evidentiary hearing on the matter, the district court found the evidence was sufficient to uphold the enhancement. We find no reversible error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989) (stating review standards).

Accordingly, we affirm Thomas' sentence.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]To the extent Thomas contests his conviction, we also affirm.

- 4 -