**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

——————————

**No. 05-4633**

——————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENDALL BLANKENSHIP,

Defendant - Appellant.

——————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph Robert Goodwin,
District Judge.  (CR-04-92)

——————————

Submitted:  October 31, 2005        Decided:  November 30, 2005

——————————

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

——————————

Affirmed by unpublished per curiam opinion.

——————————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, David R. Bungard, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant. Charles T.
Miller, Acting United States Attorney, Karen B. George, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

——————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kendall Blankenship pled guilty to one count of theft of mail in violation of 18 U.S.C. § 1708 (2000). Blankenship was sentenced to ten months' imprisonment followed by a three-year term of supervised release. We affirm the sentence.

On appeal, Blankenship argues that the retroactive application of the remedial holding in United States v. Booker, 125 S. Ct. 738 (2005), violates due process. He asserts that "[d]ue process, as informed by *ex post facto* principles, prevents a court from retroactively exposing [a defendant] to an increase in punishment as the result of an unexpected and indefensible change to the law." Blankenship concludes that, since the sentencing guidelines were mandatory at the time he committed the offense at issue, and the Supreme Court's holdings in Booker and Blakely v. Washington, 542 U.S. 296 (2004), "limit[] a defendant's maximum sentence to that supported by facts found by a jury beyond a reasonable doubt or pleaded to by the defendant[,]" his sentence, based on judicially found facts, violates his right to due process.

We have thoroughly reviewed Blakenship's claim and find it to be without merit based on the reasoning of our sister circuits. See United States v. Dupas, 419 F.3d 916 (9th Cir. 2005) (rejecting ex post facto claim); United States v. Jamison, 416 F.3d 538, 539-40 (7th Cir. 2005) (same); United States v. Lata, 415 F.3d 107, 110-12 (1st Cir. 2005) (same); United States v. Scroggins, 411

F.3d 572, 576 (5th Cir. 2005) (same); United States v. Duncan, 400 F.3d 1297, 1306-08 (11th Cir. 2005) (same), cert. denied, __ S. Ct. __, 2005 WL 2493971 (U.S. Oct. 11, 2005) (No. 05-5467).

Blankenship also argues that his ten-month sentence "is unreasonable because it is greater than necessary to comply with the purposes of sentencing announced by Congress." He asserts the advisory guideline range "overstates the seriousness of the offense and impairs his ability to make full and efficient restitution."

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. As stated in Hughes, we will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47.

Blankenship's ten-month sentence was not only within the advisory guideline range, but also well below the statutory maximum of five years. See 18 U.S.C. § 1708. Furthermore, the sentence imposed by the district court was reasonable as it appropriately treated the guidelines as advisory, calculated and considered the guideline range, and weighed the relevant § 3553(a) factors.

- 3 -

Accordingly, we affirm Blankenship's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED