**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4320

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PRUDENCE QUERIDA DOTSON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (CR-04-201)

Submitted: November 30, 2005      Decided: December 27, 2005

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Megan J. Schueler, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Prudence Querida Dotson pled guilty to distribution of .22 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a) (2000). She appeals her 42-month sentence, arguing that it violates her due process rights, as informed by ex post facto principles. She also asserts that the sentence imposed was not reasonable. Finding no merit to Dotson's claims, we affirm her sentence.

Dotson first contends that her due process rights, as informed by ex post facto principles, are violated by the imposition of a sentence under the Supreme Court's remedial decision in United States v. Booker, 125 S. Ct. 738 (2005) (referring to the Court's opinion expressed through Justice Breyer, which makes the guidelines advisory rather than mandatory), rather than under the mandatory guidelines applicable at the time of her offense. We find that this claim is without merit. See United States v. Dupas, 419 F.3d 916 (9th Cir. 2005) (rejecting ex post facto claim); United States v. Jamison, 416 F.3d 538 (7th Cir. 2005) (same); United States v. Lata, 415 F.3d 107 (1st Cir. 2005) (same); United States v. Scroggins, 411 F.3d 572, 576 (5th Cir. 2005) (same); United States v. Duncan, 400 F.3d 1297 (11th Cir.) (same), cert. denied, 126 S. Ct. 432 (2005).

Dotson also challenges the reasonableness of her sentence. She asserts that the 42-month sentence imposed is

greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and provide her with drug treatment and rehabilitation. We have carefully reviewed the record and Dotson's contentions and find that the sentence imposed by the district court is reasonable. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting after Booker sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum).

Accordingly, we affirm Dotson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED