**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4523**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL POINDEXTER,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (CR-04-12)

─────────────

Submitted:  December 22, 2005          Decided:  December 29, 2005

─────────────

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

David Schles, Charleston, West Virginia, for Appellant.  Charles T. Miller, Acting United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Poindexter pled guilty to making an enclosure available for the distribution of cocaine base (crack) and cocaine, 21 U.S.C.A. § 856(a)(2) (West Supp. 2005), and was sentenced to a term of thirty-seven months imprisonment. Poindexter appeals his sentence. Relying on United States v. Booker, 543 U.S. 220 (2005), he asserts that his sentence was imposed in violation of the Ex Post Facto Clause and that the district court erred in finding by a preponderance of the evidence that an enhancement for possession of a weapon was applicable under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2004). He also contends that the 100:1 statutory sentencing ratio for cocaine and crack offenses violates the Equal Protection Clause and renders his sentence unreasonable. We affirm.

We first find the Ex Post Facto claim to be without merit. See United States v. Jamison, 416 F.3d 538 (7th Cir. 2005); United States v. Lata, 415 F.3d 107 (1st Cir. 2005); United States v. Scroggins, 411 F.3d 572 (5th Cir. 2005); United States v. Duncan, 400 F.3d 1297, 1306-08 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005). Poindexter's argument that, post-Booker, the district court must make factual findings concerning the guideline calculation beyond a reasonable doubt is also without merit. See United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005); United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied,

126 S. Ct. 43 (2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir.), <u>cert. denied</u>, 125 S. Ct. 2559 (2005). Finally, and Poindexter concedes, we have rejected previous equal protection challenges to the sentencing ratio for crack and cocaine offenses. <u>United States v. Fisher</u>, 58 F.3d 96, 99 (4th Cir. 1995). The sentence in this case was imposed within a correctly calculated guideline range and was within the statutory range. We conclude that the sentence was reasonable. <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005) (sentence imposed after <u>Booker</u> will be affirmed if it is within statutory range and is reasonable).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>