**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4361**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN ASHLEY FOX,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (CR-04-182)

---

Submitted:  October 31, 2005          Decided:  January 4, 2006

---

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

S. Benjamin Bryant, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Steven Ashley Fox pled guilty to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (2000). Fox was sentenced to forty-one months' imprisonment. We affirm the sentence.

On appeal, Fox argues that the retroactive application of the remedial holding in United States v. Booker, 125 S. Ct. 738 (2005), violates due process. He asserts that "[d]ue process, as informed by *ex post facto* principles, prevents a court from retroactively exposing a defendant to greater punishment as the result of a subsequent unexpected and indefensible change to the law." Fox concludes that, since the sentencing guidelines were mandatory at the time he committed the offense at issue, and the Supreme Court's holdings in Booker and Blakely v. Washington, 542 U.S. 296 (2004), "limit[] a defendant's maximum sentence to that supported by facts found by a jury beyond a reasonable doubt or pled to by the defendant[,]" his sentence, based on judicially found facts, violates his right to due process.

We have thoroughly reviewed Fox's claim and find it to be without merit based on the reasoning of our sister circuits. See United States v. Dupas, 419 F.3d 916 (9th Cir. 2005) (rejecting ex post facto claim); United States v. Jamison, 416 F.3d 538, 539-40 (7th Cir. 2005) (same); United States v. Lata, 415 F.3d 107, 110-12 (1st Cir. 2005) (same); United States v. Scroggins, 411 F.3d 572,

- 2 -

576 (5th Cir. 2005) (same); United States v. Duncan, 400 F.3d 1297, 1306-08 (11th Cir. 2005) (same), cert. denied, __ S. Ct. __, 2005 WL 2493971 (U.S. Oct. 11, 2005) (No. 05-5467).

Fox also argues that his forty-one month sentence "is unreasonable because it is greater than necessary to comply with the purpose of sentencing announced by Congress." He asserts the advisory guideline range "overstate[s] the seriousness of the offense because the [guideline] enhancement for possession of uncharged marijuana and cocaine unduly increased [his] sentence."

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. As stated in Hughes, we will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47.

Fox's forty-one month sentence was not only at the lowest end of the guideline range, but also below the statutory maximum of five years. See 21 U.S.C. § 841(b)(1)(D). Furthermore, the sentence imposed by the district court was reasonable as it appropriately treated the guidelines as advisory, calculated and

considered the guideline range, and weighed the relevant § 3553(a) factors.

Accordingly, we affirm Fox's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED