**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4352**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK IVAN MCCLELLAND,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  David A. Faber, Chief
District Judge.  (CR-04-130)

Submitted:  December 30, 2005        Decided:  January 24, 2006

Before LUTTIG, WILLIAMS, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Michael L. Desautels, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Kasey Warner,
United States Attorney, John L. File, Assistant United States
Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Mark Ivan McClelland appeals the 57-month sentence imposed following his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). He raises two issues on appeal, contending that: (1) the retroactive application of the remedial holding of United States v. Booker, 543 U.S. 220 (2005), violates ex post facto and due process principles; and (2) his sentence, imposed by the district court after considering the sentencing guidelines as advisory, is unreasonable. Finding no merit to McClelland's claims, we affirm.

In McClelland's first claim, he argues that his due process rights, in conjunction with ex post facto principles, are violated by the imposition of a sentence under the Supreme Court's remedial decision in Booker (referring to the Court's opinion expressed through Justice Breyer, which makes the guidelines advisory rather than mandatory), rather than under the mandatory guidelines applicable at the time of his offense. We have thoroughly reviewed McClelland's claim and find it to be without merit based on the reasoning of our sister circuits. See United States v. Dupas, 419 F.3d 916, 919-21 (9th Cir. 2005) (rejecting ex post facto claim); United States v. Jamison, 416 F.3d 538, 539-40 (7th Cir. 2005) (same); United States v. Lata, 415 F.3d 107, 110-12 (1st Cir. 2005) (same); United States v. Scroggins, 411 F.3d 572, 576 (5th Cir. 2005) (same); United States v. Duncan, 400 F.3d 1297, 1306-08 (11th Cir.) (same), cert. denied, 126 S. Ct. (2005).

Turning to McClelland's second claim, we note that McClelland's sentencing occurred on March 16, 2005, after the Supreme Court's decision in <u>Booker</u>.  The court sentenced McClelland only after considering and examining the sentencing guidelines and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), as instructed by <u>Booker</u>.  The court sentenced McClelland at the bottom of the applicable guideline range and well within the twenty-year statutory maximum.  We cannot conclude under these circumstances that McClelland's 57-month sentence is unreasonable.

Accordingly, we affirm McClelland's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>