**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4485

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY A. HASTON, II,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-04-102)

Submitted: January 4, 2006        Decided: January 25, 2006

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gregory A. Haston, II, pled guilty to one count of attempt to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (2000). Haston was sentenced to thirty-seven months' imprisonment followed by a three-year term of supervised release. Finding no error, we affirm.

On appeal, Haston argues that the retroactive application of the remedial holding in United States v. Booker, 543 U.S. 220 (2005), violates due process. He asserts that "[d]ue process, as informed by ex post facto principles," prevents a court from retroactively exposing him to a greater sentence than that which might have been imposed under the formerly mandatory sentencing guidelines. We have throughly reviewed Haston's claim and find it to be without merit. See United States v. Dupas, 419 F.3d 916 (9th Cir. 2005) (rejecting ex post facto claim); United States v. Jamison, 416 F.3d 538, 539-40 (7th Cir. 2005) (same); United States v. Lata, 415 F.3d 107, 110-12 (1st Cir. 2005) (same); United States v. Scroggins, 411 F.3d 572, 576 (5th Cir. 2005) (same); United States v. Duncan, 400 F.3d 1297, 1306-08 (11th Cir. 2005) (same), cert. denied, __ S. Ct. __, 2005 WL 2493971 (U.S. Oct. 11, 2005) (No. 05-5467).

Haston also asserts that the sentence imposed by the district court was unreasonable under this court's decision in United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005), because

- 2 -

the sentence was "greater than necessary to comply with the purposes of sentencing."

Haston's thirty-seven-month sentence was not only within the advisory guideline range, but also well below the statutory maximum of twenty years. Furthermore, the sentence imposed by the district court was reasonable as the court appropriately treated the guidelines as advisory, calculated and considered the guideline range, and weighed the relevant 18 U.S.C. § 3553(a) (2000) factors. Finally, Haston's assertion that his sentence was greater than necessary to satisfy the purposes discussed in 18 U.S.C. § 3553(b)(2) is purely speculative. Thus, we conclude there was no error in Haston's sentence.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED