**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4170**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HOWARD GENE BRADLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (CR-04-103)

Submitted: August 29, 2005          Decided:  April 18, 2006

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Derrick W. Lefler, GIBSON, LEFLER & ASSOCIATES, Princeton, West Virginia, for Appellant.  Kasey Warner, United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Howard Gene Bradley appeals his seventy-eight month prison sentence imposed following a guilty plea to distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1) (2000). Finding no error, we affirm Bradley's sentence.

Bradley was sentenced the day after United States v. Booker, 543 U.S. 220 (2005), issued. At sentencing, the district court acknowledged the holding in Booker and sentenced Bradley under an advisory guidelines scheme. Bradley preserved error under Booker for appellate review. On appeal, Bradley argues the district court's application of Booker at sentencing disadvantaged him in violation of the Ex Post Facto and Due Process Clauses of the Constitution. He also argues the district court clearly erred in determining the drug quantity attributable to him as relevant conduct under the Guidelines.

We find the concepts inherent in the Ex Post Facto Clause and the Due Process Clause were satisfied in Bradley's case. Accordingly, the district court's application of Booker's remedial holding to Bradley's sentence, even though Bradley's offense conduct preceded issuance of the Booker opinion, did not implicate the Ex Post Facto or Due Process Clauses. See United States v. Dupas, 419 F.3d 916, 919-22 (9th Cir. 2005); United States v. Jamison, 416 F.3d 538, 538 (7th Cir. 2005); United States v. Scroggins, 411 F.3d 572 (5th Cir. 2005); United States v. Duncan,

400 F.3d 1297, 1306-08 (11th Cir.), <u>cert. denied</u>, 126 S. Ct. 432 (2005).

The district court's finding of drug quantity attributed to Bradley for sentencing purposes was largely based upon a credibility determination of a witness who testified as to drug buys he made from Bradley. This court reviews the district court's factual findings to apply sentencing enhancements for clear error. <u>See</u> <u>United States v. Sayles</u>, 296 F.3d 219, 224 (4th Cir. 2002); <u>United States v. McAllister</u>, 272 F.3d 228, 234 (4th Cir. 2001). Further, this court gives due regard to the district court's opportunity to judge the credibility of witnesses and does not review credibility determinations. <u>See</u> <u>United States v. Lowe</u>, 65 F.3d 1137, 1142 (4th Cir. 1995). Witness credibility determinations by the fact finder are rarely disturbed on appeal. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989). We will not disturb the district court's credibility finding in this case. We find the district court did not clearly err in determining the drug quantity attributable to Bradley for sentencing purposes under the advisory guidelines.

We also note that the judicial fact finding of drug quantities used to enhance Bradley's sentence under the advisory guidelines calculation does not implicate <u>Apprendi</u>. <u>See</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for

a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").  The statutory maximum sentence was twenty years, and Bradley's sentence of seventy-eight months is well below the maximum.

Accordingly, we affirm Bradley's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED