**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4428**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

URIEL MORENO-MENDOZA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-04-248-NCT)

Argued:  March 17, 2006          Decided:  April 19, 2006

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Christopher R. Clifton, GRACE, HOLTON, TISDALE & CLIFTON, Winston-Salem, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF:** Mireille P. Clough, GRACE, HOLTON, TISDALE & CLIFTON, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Uriel Moreno-Mendoza appeals his sentence for illegal reentry of an aggravated felon, a violation of 8 U.S.C. § 1326(a), (b)(2). Moreno-Mendoza contends that his sentence, which exceeded the maximum range recommended under the now advisory United States Sentencing Guidelines ("Guidelines"), violated his constitutional rights under the Ex Post Facto Clause and the Due Process Clause. He alternatively asserts that his sentence was unreasonable. Although the constitutional arguments raised by Moreno-Mendoza are without merit, we agree that the sentence was unreasonable and must be vacated.

I.

After being indicted by a grand jury, Moreno-Mendoza entered into a plea agreement with respect to the charge of illegal re-entry of an aggravated felon. The plea agreement stipulated that Moreno-Mendoza had unlawfully reentered the United States after receiving a two-year sentence for the sale and transport of marijuana, in violation of California Health and Safety Code § 11360(a).

The Probation Office subsequently prepared a presentence investigation report ("PSR"), which initially calculated a base offense level of eight under § 2L1.2 of the 2003 Guidelines. Because § 2L1.2 permits enhancements based on the specific nature

2

of the prior conviction, the PSR recommended a sixteen-level enhancement by characterizing defendant's prior drug conviction as a "drug trafficking offense for which the sentence imposed exceeded 13 months . . . ."  See § 2L1.2(b)(1)(A)(I); J.A. 61.  After crediting Moreno-Mendoza with a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of twenty-one.  The PSR also computed three criminal history points based on Moreno-Mendoza's prior drug conviction, thereby placing him in criminal history category II.  Ultimately, the PSR recommended a Guidelines range of forty-one to fifty-one months.

Moreno-Mendoza objected to the sixteen-level enhancement, asserting that his prior drug conviction did not qualify as a drug trafficking offense under § 2L1.2(b)(1)(A)(I).  He conceded, however, that the conviction would qualify as an "aggravated felony" under § 2L1.2(b)(1)(C), which would have increased his offense level by eight levels.

At the sentencing hearing, the district court addressed Moreno-Mendoza's objection to the sixteen-level enhancement and determined that the underlying state court documents could not establish that his prior drug conviction was a drug trafficking offense.  For this reason, the district court declined to impose the sixteen-level enhancement and, after applying a base offense level of eight and a two-level reduction for acceptance of responsibility, calculated a total offense level of six.  Finding

3

a criminal history category of II, the district court concluded that the appropriate Guidelines range was one to seven months.

After finalizing this calculation, the district court expressed its desire to consider the challenged sixteen-level enhancement as if the prior drug conviction had qualified as a drug trafficking offense. See J.A. 26 ("[W]hile under the Guidelines I could not consider the facts of an individual case in determining whether the points would be appropriate, . . . under 3553(a), he should be sentenced as if the 16 levels were appropriate, and will find that an appropriate Sentencing Guideline range would be 41 to 51 months." (emphasis added)); see also J.A. 23 ("[A]s I read Booker, our first task is to determine what the Guideline range properly is, but I must tell you, then after we determine that Guideline range, in the exercise of my discretion, I am going to consider these facts as constituting a drug trafficking crime, so it's going to come out to the same thing."). The district court thus opined that "[i]n determining a reasonable sentence under 3553, it is my belief that the only way to fairly do that is to consider what the sentence would have been if the 16 levels were added in to the consideration." J.A. 40. In considering the Guidelines range of forty-one to fifty-one months that would have resulted from imposing the sixteen-level enhancement, the district court imposed a sentence of forty-one months. Moreno-Mendoza now appeals his sentence.

4

II.

A.

Moreno-Mendoza first contends that the district court violated his constitutional rights under the Ex Post Facto Clause and the Due Process Clause by imposing a sentence that exceeded the Guidelines range. Specifically, he claims that the retroactive application of Justice Breyer's remedial opinion in United States v. Booker, 543 U.S. 220, 244-271 (2005), which rendered the Guidelines advisory, unconstitutionally exposes defendants who committed their offenses before Booker to higher sentences under the discretionary sentencing regime of § 3553.[1] In seeking resentencing, Moreno-Mendoza thus argues that the Ex Post Facto Clause and Due Process Clause required the district court to sentence him anywhere below, but not above, the sentencing range prescribed by the Guidelines.

We review these constitutional errors for plain error because they were never presented to the district court. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (citing Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993)). Under this standard, we conclude that Moreno-Mendoza has failed to

---

[1]Given that he was sentenced under the now advisory Guidelines regime following Booker, Moreno-Mendoza has not asserted the typical Sixth Amendment error identified by Justice Stevens's merits opinion--i.e., that the district court relied on judicial factfinding in imposing a sentence greater than the maximum authorized by the admitted facts or verdict under the previously mandatory Guidelines regime.

5

establish error in the first instance. As our sister circuits have concluded, the retroactive application of <u>Booker</u>'s remedial opinion to sentences for offenses committed prior to <u>Booker</u> does not offend the Ex Post Facto Clause or the Due Process Clause. This is true even where the defendant has received a greater sentence under the now advisory Guidelines regime than the sentence he normally would have received under the formerly mandatory Guidelines regime. <u>See</u> <u>United States v. Dupas</u>, 419 F.3d 916, 919-21 (9th Cir.), <u>cert.</u> <u>denied</u>, --- S. Ct. ----, 2006 WL 316714 (2006) (rejecting Ex Post Facto and Due Process challenges to the application of Justice Breyer's remedial opinion in <u>Booker</u>); <u>United States v. Jamison</u>, 416 F.3d 538, 539-40 (7th Cir. 2005) (same); <u>United States v. Lata</u>, 415 F.3d 107, 110-11 (1st Cir. 2005) (same); <u>United States v.</u> <u>Scroggins</u>, 411 F.3d 572, 575-77 (5th Cir. 2005) (same); <u>United States v. Duncan</u>, 400 F.3d 1297, 1307 (11th Cir.), <u>cert. denied</u>, 126 S. Ct. 432 (2005) (same). Accordingly, we decline to disturb the sentence based on these constitutional challenges.

## B.

Moreno-Mendoza next asserts that his sentence was unreasonable in light of the Guidelines range of one to seven months. Although he concedes that the proper Guidelines range should have been fifteen to twenty-one months, he nevertheless argues that the district court improperly applied the § 3553 factors in imposing a

sentence of forty-one months.  We agree that the sentence must be vacated as unreasonable.

When reviewing a post-Booker sentence, we must "determine whether the sentence is within the statutorily prescribed range and is reasonable."  United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006) (internal quotation marks and citations omitted).  This Circuit's decision in United States v. Green, 436 F.3d 449 (4th Cir. 2006), set forth the roadmap to assist sentencing courts in applying the Guidelines and § 3553 in imposing a reasonable sentence:

> [D]istrict courts must (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a).

Id. at 456 (internal footnote and citation omitted).

Under Green, a sentence imposed within the Guidelines range is "presumptively reasonable." Id. at 457 (internal quotation marks and citations omitted).  Where, as here, the sentence deviates from the Guidelines range, we must determine whether, in light of the factors set forth in § 3553 and the relevant Guidelines provisions, the district court "acted reasonably with respect to (1) the imposition of a variance sentence, and (2) the extent of the

7

variance." Moreland, 437 F.3d at 434 (internal citations omitted). Particularly if the degree of variance is substantial, we must "more carefully scrutinize the reasoning offered by the district court in support of the sentence." Id. at 434. In other words, "[t]he farther the court diverges from the advisory guideline range, the more compelling the reasons for that divergence must be." Id. (internal citations omitted).

In this instance, the district court calculated a Guidelines range of one to seven months after determining that the facts did not support a sixteen-level enhancement for Moreno-Mendoza's prior drug conviction. Nevertheless, the district court stated its intent to consider the sixteen-level enhancement as if it applied to the prior drug conviction for the purposes of fashioning a reasonable sentence under § 3553. By ultimately imposing a sentence of forty-one months (the bottom of the Guidelines range had the sixteen-level enhancement applied), the district court effectively sought to do at the back end what it could not do at the front end: enhance Moreno-Mendoza's sentence by treating his prior drug offense as a de facto drug trafficking offense.

Although we agree that the initial decision to impose a variance sentence was sound, the degree of variance between the forty-one months imposed and the proper Guidelines range, which

defendant conceded was fifteen to twenty-one months,[2] was unreasonable. In light of the substantial variance, the district court was obligated to offer compelling reasons explaining why the chosen sentence, which nearly doubled the maximum sentence recommended by the Guidelines, better served the sentencing considerations enumerated in § 3553(a). Green, 436 F.3d at 456; Moreland, 437 F.3d at 434. Here, despite the appropriate Guidelines range of fifteen to twenty-one months, the district court expressed its intention to apply the Guidelines range that would have resulted from adding the sixteen-level enhancement in reaching a sentence of forty-one months. In our view, however, the district court's application of a de facto enhancement outside the Guidelines calculation effectively undermined the first step in the Green analysis, which requires district courts to calculate the proper Guidelines range. See Green, 436 F.3d at 456 (district courts must "properly calculate the sentence range recommended by the Sentencing Guidelines").[3] Moreover, the district court did not

_____

[2]As noted above, Moreno-Mendoza conceded that the prior drug conviction would qualify for an eight-level enhancement as an "aggravated felony" under § 2L1.2(b)(1)(C) before the district court. He reiterated this concession before this Court at oral argument.

[3]The Government has attempted to equate authorized departures for de facto career offenders under § 4A1.3 with the de facto enhancement sought here. However, the analogy is imperfect because departures are limited to the enumerated grounds set forth by the Guidelines, whereas variances are not bound by the Guidelines. See Moreland, 437 F.3d at 436 n.8 (noting that previous decisions regarding departures from a career offender range under the

give proper weight to the appropriate Guidelines range in balancing the § 3553 factors, choosing instead to focus exclusively on the Guidelines range it could not impose. See id. at 457 (reasonableness depends on whether the sentence was "selected pursuant to a reasoned process in accordance with law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law.").

We therefore conclude that the district court's reason for the degree of variance was inconsistent with Green and Moreland, to the extent that it could not support the sentence.[4] See 18 U.S.C. § 3742(f)(2). Accordingly, we vacate the sentence and remand for resentencing.

<u>VACATED AND REMANDED</u>

---

formerly mandatory Guidelines regime "may inform," but "cannot control," the analysis of variances from the career offender range).

[4]We of course offer no criticism of the district court, which did not have the benefit of Green or Moreland at the time of sentencing.