**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 21, 2009
Decided May 13, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3525

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-44-C |
| CHRISTOPHER L. DAVIS, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Christopher Davis pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district court, over Davis's objection, added four levels to his base offense level for possessing the firearm in connection with another felony offense—possession with intent to distribute heroin. The court sentenced Davis to 102 months' imprisonment, and Davis now appeals. Because Davis's only argument would have us overturn the remedial holding of *United States v. Booker*, 543 U.S. 220 (2005), we affirm the district court's judgment.

In March 2008 Madison, Wisconsin police officers stopped a van for veering into another lane of traffic and failing to properly display its license plate. After the officers arrested the front-seat passenger for an outstanding warrant and announced their intent to search the car, Davis, the van's driver, sped away from the scene. The officers initially pursued him but soon disengaged from the chase because of rush hour traffic. They continued searching for the van at a nearby housing complex and spotted Davis fleeing the vehicle. Shortly before catching up to Davis, the officers saw him throw a loaded 9mm pistol to the ground. A subsequent search incident to his arrest revealed seven "gem" packs, each containing 1/10 of a gram of heroin.

Davis later told the officers that he had purchased the van from his ex-girlfriend and that the gun belonged to her. When questioned two days later, the ex-girlfriend admitted selling the van to Davis, but claimed that the gun had been stolen a few days earlier.

Soon thereafter Davis reached a plea agreement with the government. The probation office then prepared a presentence investigation report, which calculated Davis's total offense level at 25 and his criminal history category at V, resulting in a recommended guidelines imprisonment range of 100 to 120 months. Davis, though, objected to the probation officer's decision to add four levels to his base offense level for possessing the gun in connection with another felony offense—possession with intent to distribute heroin. He argued that the four-level adjustment was not appropriate because he had not intended to sell the heroin; rather, he had purchased the heroin for his own use.

The district court rejected Davis's objection, finding that the government had proven by a preponderance of the evidence that he was selling the heroin. The court noted that Davis had a history of selling heroin, had told others that he did not enjoy using heroin himself, and was caught with seven "gem" packs of the drug. Noting that Davis remained a danger to the community and that previous attempts at deterrence had not worked, *see* 18 U.S.C. § 3553(a), the court sentenced Davis to 102 months' imprisonment and three years' supervised release.

Davis makes only one argument on appeal—he contends that a district court may not make factual determinations regarding uncharged crimes, such as his four-level adjustment for possession with intent to distribute heroin, because doing so violates the constitutional right to a jury trial and due process. In particular, he argues that the district court's application of *Booker's* remedial holding, which rendered the sentencing guidelines advisory, *see* 543 U.S. at 233-34; *see also United States v. Wilson*, 502 F.3d 718, 721 (7th Cir. 2007), exposed him to a longer maximum sentence in violation of unspecified constitutional rights. Davis, recognizing that this argument is bound to fail, admits that "it is not the role

of this Court to overrule [*Booker*]," but states that he filed this appeal "in anticipation of such an overruling by the Supreme Court."

As Davis recognizes, his argument would have us overturn the remedial holding of *Booker*, something we may not do. *See, e.g.*, *United States v. Santiago*, 495 F.3d 820, 824 (7th Cir. 2007); *Wilson*, 502 F.3d at 721. Not only did the Supreme Court instruct that its Sixth Amendment and remedial holdings in *Booker* be applied "to all cases on direct review," *Booker*, 543 U.S. at 268; *see United States v. Jamison*, 416 F.3d 538, 539 (7th Cir. 2005), but more recently in *Rita v. United States*, 127 S. Ct. 2456 (2007), the Court reiterated that the Sixth Amendment does not forbid a sentencing court from taking into account factual matters not determined by a jury, *id.* at 2465-66.

Accordingly, we AFFIRM Davis's sentence.