**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 05-4690

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMIE LEE FRANCE, a/k/a Jamie Francis,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  David A. Faber, Chief
District Judge.  (CR-04-237)

_____

Submitted:  January 18, 2006          Decided:  February 7, 2006

_____

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, George H. Lancaster, Jr., Assistant Federal
Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston,
West Virginia, for Appellant.  Charles T. Miller, Acting United
States Attorney, John L. File, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jamie Lee France pled guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a) (2000). He appeals his 188-month sentence, arguing that it violates his due process rights, as informed by *ex post facto* principles. He also asserts that the sentence imposed was not reasonable.[*] Finding no merit to France's claims, we affirm his sentence.

France first contends that his due process rights, as informed by *ex post facto* principles, are violated by the imposition of a sentence under the Supreme Court's remedial decision in United States v. Booker, 125 S. Ct. 738 (2005) (referring to Justice Breyer's opinion that makes the guidelines advisory rather than mandatory), rather than under the mandatory guidelines applicable at the time of his offense. France argues that the remedial portion of Booker, making the Guidelines advisory rather than mandatory, retroactively increased his possible maximum penalty from the top of the mandatory Guideline range to the maximum set forth in the United States Code in violation of *ex post facto* principles. He relies for this proposition on the assumption that the mandatory Guideline range could not include judicially determined enhancements under Blakely. France's argument is

[*]France also argues that 21 U.S.C. § 851 is unconstitutional in that it increased his maximum sentence based on evidence of a prior conviction not alleged in his indictment or proved to a jury. He concedes that this argument is foreclosed by our recent opinion in United States v. Cheek, 415 F.3d 349 (4th Cir. 2005).

2

fatally flawed, however, since the limitation on judicial fact-finding for purposes of the federal guidelines did not coexist with the mandatory regime pre-Booker. We therefore find that this claim is without merit. See also United States v. Dupas, 419 F.3d 916 (9th Cir. 2005) (rejecting ex post facto claim); United States v. Jamison, 416 F.3d 538 (7th Cir. 2005) (same); United States v. Lata, 415 F.3d 107 (1st Cir. 2005) (same); United States v. Scroggins, 411 F.3d 572, 576 (5th Cir. 2005) (same); United States v. Duncan, 400 F.3d 1297 (11th Cir.) (same), cert. denied, 126 S. Ct. 432 (2005).

France also challenges the reasonableness of his sentence. He asserts that the 188-month sentence imposed is greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. We have carefully reviewed the record and France's contentions and find that the 188-month sentence imposed by the district court, when the applicable advisory guideline range was 188 to 235 months, is reasonable. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting after Booker sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum).

Accordingly, we affirm France's sentence. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED