# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 01-4070

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TIMOTHY ROCK,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, New Albany Division.
No. 01 CR 1—**Sarah Evans Barker**, *Judge.*

_____

ARGUED APRIL 5, 2004—DECIDED JUNE 8, 2004

_____

Before BAUER, POSNER, and DIANE P. WOOD, *Circuit Judges.*

BAUER, *Circuit Judge.* This direct appeal arises from Timothy Rock's 2001 conviction for conspiracy to possess with intent to distribute more than fifty grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Rock raises the sole issue of whether sufficient evidence was presented at trial to support his conspiracy conviction. For the reasons stated below, we affirm.

The relevant events occurred in December of 2000. At that time, Detective Carl Lamb was posing as a drug buyer in the area around Seymour, Indiana. Lamb had been purchasing small quantities of methamphetamine from two

men, Nicholas Beverstock and Matthew Thompson. On December 18, Lamb asked to purchase a larger quantity—one pound—of methamphetamine; Beverstock agreed to sell it to him for $23,000. The exchange was to take place the next day, but Beverstock did not have such a large quantity of the drug. After enlisting the help of his brother-in-law (Delbert Allman), Beverstock eventually found a supplier who could deliver the requested pound of methamphetamine; an acquaintance named Timothy Rock. Allman contacted Rock to set up the deal.

Over the telephone Rock inquired for whom Beverstock was procuring the methamphetamine; after being satisfied that Lamb could be trusted, Rock agreed to provide Beverstock with one pound of methamphetamine for sale to Lamb. When Rock arrived at Allman's home, however, he produced only a half-pound of the drug. The second half, Rock said, would be delivered after he was paid in full for the transaction. Beverstock and Thompson took the half-pound of methamphetamine to their designated meeting spot with Lamb—the Jackson/Washington State Forest. Rock also drove to the State Forest with Allman to secretly monitor the sale, carrying with him the second half-pound of methamphetamine. The meeting went as planned and, after discussion, Lamb paid Beverstock and Thompson $11,500 for the half-pound of methamphetamine. Immediately following the transaction, officers arrested Beverstock and Thompson. Rock and Allman fled the scene, Rock disposed of a cooler containing the remainder of the drugs, and helped Allman remove equipment used in selling methamphetamine from his home.

Rock was arrested in January 2001. He was tried and convicted later that year. Rock now appeals, claiming there was insufficient evidence to convict him of the conspiracy charge.

**Discussion**

In appeals regarding sufficiency of the evidence we generally consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Pearson*, 113 F.3d 758, 761 (7th Cir. 1997) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because Rock did not file a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, however, we review the jury's findings only for plain error. *United States v. Williams*, 298 F.3d 688, 691-92 (7th Cir. 2002). This standard significantly limits our review of the case; we will only reverse if, "the conviction amounted to a manifest miscarriage of justice." *Id.*

Rock argues the government failed to present sufficient evidence to support the conspiracy charge. Under 21 U.S.C. § 846, a conspiracy exists where "(1) two or more people agreed to commit an unlawful act and (2) the defendant knowingly and intentionally joined in the agreement." *United States v. Gardner*, 238 F.3d 878, 879 (7th Cir. 2001). This Court has held that in the case of drug conspiracies it is not enough for the government to demonstrate that a defendant is a participant in a mere buyer-seller relationship because, "such an agreement is itself the substantive crime." *United States v. Hach*, 162 F.3d 937, 942-43 (7th Cir. 1998) (quoting *United States v. Clay*, 37 F.3d 338, 341 (7th Cir. 1994)). Rather, the government must prove that the defendant conspired to commit some crime beyond *that* agreement to sell drugs.

Rock and the government present two slightly different descriptions of the activities of December 18 and 19, 2000. For his part, Rock argues that he sold the methamphetamine to Beverstock and Thompson, who subsequently sold the methamphetamine to Lamb. On the other hand, the

government argues that Rock worked in concert with Beverstock and Thompson to sell the methamphetamine to Lamb. The significance of the differing descriptions is that in the first, Rock does not participate in a crime beyond the admitted sale to Beverstock and Thompson (hence, there is no conspiracy), whereas in the second scenario, Rock is conspiring with Beverstock and Thompson to sell the methamphetamine to a third party. Clearly these two differing accounts call for a sensitive factual determination.[1]

The government has no trouble backing up its theory that Rock was an active participant in the sale of methamphetamine to Lamb. It points out that, from the outset, Rock was concerned with the identity of the third-party purchaser, and that he intended to be paid from the proceeds of the sale to the third party and not by Beverstock or Thompson independently. It points to the fact that Rock trusted Beverstock and Thompson with $11,500 worth of methamphetamine to show they were on the same side of the transaction. Additionally, Rock personally went to the meeting place to monitor the transaction with Lamb. These facts demonstrate that Rock's involvement in the sale went beyond his dealings with Beverstock and Thompson; he had a personal investment in the sale of the methamphetamine

---

[1] To carry the analysis one step further than is required by these facts, if we were to believe Rock's scenario—that he was on the opposite side of a transaction with Beverstock and Thompson—we would then consider the following four factors to determine the presence of conspiracy: (1) the length of the affiliation between the buyer and seller; (2) whether there was an established method of payment; (3) whether transactions were standardized; and (4) whether there was a demonstrated level of mutual trust. *United States v. Hach*, 162 F.3d 937, 943 (7th Cir. 1998). Because we affirm the government's version of the facts, we need not apply this test as urged by Rock.

to Lamb. Case law is clear that when defendants are on the same side of a sale of drugs to a third party, there is sufficient evidence of a conspiracy. *United States v. Herrera*, 54 F.3d 348, 353-54 (7th Cir. 1995).

Because we give deference to the jury's findings, and because we review now only for plain error, we have no trouble in holding the jury had sufficient evidence on which to base its verdict. Accordingly, Rock's conviction is AF-FIRMED.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*