# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-2498

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MACQUILLIE WOODARD,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:02-cr-20—**William C. Lee**, *Judge.*

———————

ARGUED APRIL 5, 2005—DECIDED MAY 18, 2005

———————

Before POSNER, EASTERBROOK, and EVANS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* A jury convicted Macquillie Woodard of possessing less than 5 grams of crack cocaine with intent to distribute that drug. See 21 U.S.C. §841(b)(1)(C). Because his prior convictions for burglary made him a career offender, he was sentenced to 210 months' imprisonment. See U.S.S.G. §4B1.1. The statutory maximum for distributing any quantity of crack cocaine is 240 months (20 years), and Woodard's 210-month sentence conforms to the requirement that career offenders who commit new drug offenses or crimes of violence serve time "at or near the maximum term". 28 U.S.C. §994(h).

Woodard does not contest his latest conviction or the classification of his older convictions as crimes of violence but contends that his sentence is too high nonetheless.

One way of reducing the sentence would be through the two-level reduction for acceptance of responsibility. Woodard contends that he is entitled to this benefit because he offered to plead guilty. He did not, however, offer to plead guilty to the charge framed in the indictment: that he possessed more than 5 grams of crack with intent to distribute. His offer was confined to a lesser included offense. The prosecutor rejected this proposed plea bargain, and when the case came to trial Woodard decided to seek outright acquittal. Instead of conceding that he had intended to distribute the amount of crack on his person when he was arrested (about 0.6 grams) he made a general denial and put the prosecution to its proof on all issues: whether he possessed anything, his knowledge of the substance's nature, his intent to distribute whatever he may have possessed, and the quantity for which he was responsible. He was successful in part—the jury fixed the quantity at less than 5 grams, which cut the maximum sentence from 40 years to 20, compare §841(b)(1)(B) with §841(b)(1)(C)—but only in part: he was convicted.

The question we must decide is whether the district judge abused his discretion. Woodard has not identified any case in this circuit holding that a district judge must provide the reduction to a defendant who seeks outright acquittal after unsuccessful plea bargaining. The reduction for acceptance of responsibility is designed to reward guilty pleas (which spare the prosecution the risk and expense of trial) and genuine contrition (which implies a reduced risk of recidivism), and Woodard displayed neither; he made an unsuccessful attempt at plea bargaining, then went to trial and denied everything. The Sentencing Commission has suggested that a defendant who stands trial might be eligible if the defense is limited to a legal point—although one won-

ders why the goal of preserving a legal defense for appeal could not be accomplished by a conditional plea under Fed. R. Crim. P. 11(a)(2). See U.S.S.G. §3E1.1 Application Note 2. By asking for acquittal on the facts at trial, Woodard took himself outside the proviso established by Note 2. Instead of admitting what he did, Woodard denied doing anything wrong. It is not as if the only good way to defend against the charge of distributing more than 5 grams was to deny everything. This may well have weakened his defense in the jurors' eyes, for he had been caught red-handed with 0.6 grams of crack while meeting with a would-be customer. Woodard did not need to deny the obvious; instead he sought a windfall acquittal. The district judge did not abuse his discretion in thinking this strategy incompatible with a genuine acceptance of responsibility for his acts.

Woodard waited even longer to make another contention: that his criminal history category should be reduced because Category VI significantly overstates the seriousness of his criminal history. He did not make this contention in the district court at all, so our review is for plain error only—and then only to the extent of ensuring that the district court knew that he could depart. (Whether to use a recognized power to depart is for the district judge alone. See, e.g., *United States v. Jarrett*, 133 F.3d 519, 534-35 (7th Cir. 1998).) Category VI is what the Guidelines prescribe for all career offenders. U.S.S.G. §4B1.1(b). Although the Sentencing Commission has allowed district judges to use Category V in exceptional cases, see §4A1.3(b)(3)(A), no defendant is *entitled* to such a reduction, and Woodard does not contend that the district judge was unaware of §4A1.3(b)(3)(A). All Woodard says now is that his burglary convictions are almost ten years old, but many convictions of career offenders will be dated—intervening imprisonment creates a gap between convictions. See *United States v. Belton*, 890 F.2d 9, 10-11 (7th Cir. 1989). By omitting any request for a reduction in the district court, Woodard forfeited the

opportunity for a favorable exercise of discretion (however unlikely that would have been).

Finally, Woodard contends that the district judge violated the sixth amendment by treating him as culpable for about 12 grams of crack under the Guidelines' relevant-conduct rules, see §1B1.3, instead of the smaller amount supported by the jury's verdict. As far as we can tell, however, §1B1.3 had nothing to do with his sentence. Twelve grams of crack would have pegged his offense level at 26. See U.S.S.G. §2D1.1(c)(7). Instead the district court set the offense level at 32 under the career-offender guideline, which specifies 32 as a floor when the statutory maximum is between 20 and 25 years' imprisonment. U.S.S.G. §4B1.1(b)(C). So relevant conduct dropped out—and it did not come back in when the judge decided where in the range to sentence Woodard.

The range for a person with offense level 32 and criminal history category VI is 210 to 262 months (capped for Woodard at 240 by the statutory maximum). The district judge selected 210 months, the lowest available, and the same sentence Woodard would have received had the jury's verdict been the only consideration. There was accordingly no violation of the sixth amendment. As the Court put it in *United States v. Booker*, 125 S. Ct. 738, 756 (2005): "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to the jury beyond a reasonable doubt." The jury's verdict, plus the prior convictions (which the jury need not consider), supported a sentence as high as 240 months. Nothing in *Booker* affects the career-offender rules, which pose legal rather than factual issues for the sentencing judge. See, e.g., *United States v. Carpenter*, No. 04-2270 (7th Cir. May 6, 2005); *United States v. Lewis*, No. 03-4100 (7th Cir. Apr. 19, 2005), slip op. 3; *United States v. Rosas*, 401 F.3d 843, 846-47 (7th Cir. 2005).

Woodard received the full benefit of the jury's decision that the crack he intended to distribute weighed less than 5 grams. Had the jury convicted him on the indictment's charge, his statutory maximum sentence would have been 40 years. That would have led to offense level 34 under §4B1.1(b)(B). The sentencing range for level 34 and criminal history category VI is 262 to 327 months, and all of that range would have been available (because the statutory maximum would have been 480 months). Had the district judge again selected the lowest sentence in the range, Woodard would have been required to serve 52 months more than his actual 210-month sentence.

Although the district judge respected all of Woodard's constitutional rights when imposing sentence, *Booker* makes the Sentencing Guidelines advisory for all cases. We have held that this decision governs on plain-error review even when no violation of the sixth amendment occurred. See *United States v. Castillo*, No. 02-3584 (7th Cir. May 3, 2005), slip op. 32-33; *United States v. White*, No. 03-2875 (7th Cir. May 3, 2005), slip op. 13-15. Accordingly, we order a limited remand under the terms of *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), so that the district judge may say whether he would have imposed a lower sentence had he anticipated the additional discretion afforded by *Booker*. When making this decision, the judge should bear in mind that *Booker* does not affect §994(h), which calls for career offenders to be sentenced at or near the statutory maximum. This court will retain jurisdiction until it has received the district judge's finding.

**A true Copy:**

     **Teste:**

                      _____

                      *Clerk of the United States Court of*
                         *Appeals for the Seventh Circuit*