**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued August 3, 2005
Decided November 15, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-2852

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 04-CR-017-S-01 |
| JEREMY L. BEST, *Defendant-Appellant*. | **John C. Shabaz**, *Judge*. |

**O R D E R**

Jeremy Best pleaded guilty to distributing cocaine, but based on the then-recent Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004), he objected to being sentenced based on the full range of his relevant conduct unless the government could prove drug quantity beyond a reasonable doubt. Responding to Best's arguments, the court held a hearing at which three members of Best's drug ring testified. Persuaded that the Presentence Investigation Report (PSR) had accurately calculated the quantity of drugs for which Best was responsible, the court adopted that figure as the basis for Best's sentence. Moreover, it refused to adjust Best's offense level downward for acceptance of responsibility, explaining that Best had falsely denied relevant conduct. Although the Sentencing Guidelines were still thought to be mandatory at the time the court sentenced Best, the court also anticipated that the guidelines might be held unconstitutional after *Blakely* and therefore imposed an

alternative discretionary sentence. Best now asserts both that the court should not have denied his acceptance adjustment merely because of his *Blakely* objection and that his sentence fails to comply with *United States v. Booker*, 125 S. Ct. 738 (2005). Finding no reversible error on either basis, we affirm.

**I**

When Best pleaded guilty to distribution of cocaine, see 21 U.S.C. § 841(a)(1), he admitted that he distributed over 84.6 grams. In the parties' written plea agreement, the government promised to recommend a downward adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, although it reserved the right to withdraw its recommendation should circumstances change.

After securing this plea, the U.S. Probation Office prepared a PSR in which it concluded that Best's relevant conduct encompassed a number of transactions beyond those to which he had admitted in his plea. Some of those transactions involved marijuana, and others cocaine. The report's author accordingly converted the quantities of cocaine to marijuana-equivalents to arrive at a single offense level; through that process, he calculated a total quantity of drugs equal to more than 700 kilograms of marijuana. See U.S.S.G. § 2D1.1 comment. (n.10) (1 gram of cocaine equals 200 grams of marijuana). The PSR echoed the government's recommendation for downward adjustments under § 3E1.1 (a) and (b).

Apparently not expecting to be held to the higher amount of drugs, Best objected to the PSR. He withdrew his objection, however, when the government threatened to take back its recommendation for a downward adjustment for acceptance of responsibility. Nonetheless, Best renewed his objection after the Supreme Court decided *Blakely*, now relying on the legal argument that the government was required to prove any drug quantity above the 84.6 grams of cocaine beyond a reasonable doubt.

Because Best held the government to its proof, the court heard testimony from drug ring members Travis Ryan, Greg Shiver, and Nate Felix, each of whom was cited by the PSR, regarding drugs that Best bought and sold. Best challenged their credibility, arguing that they could not remember dates and that they were testifying only to reduce their prison time. For its part, the government orally withdrew its motion for a downward adjustment.

The district court decided that Best's relevant conduct involved the equivalent of greater than 700 kilograms of marijuana, as proposed in the PSR. Finding that Best had falsely denied relevant conduct, the court denied the adjustment for acceptance of responsibility. It calculated a guidelines imprisonment range of 108 to135 months. Two days before this court's July 2004 decision in *United States v. Booker*, 375 F.3d

508 (7th Cir. 2004), the court sentenced Best to 115 months' imprisonment, reasoning that a sentence near the lower end of the range was appropriate. The court heard from Best about his personal circumstances and family history, but it also noted that Best had been involved in the drug ring for a long time. The court recommended that Best have the opportunity to participate in drug rehabilitation programs.

The court was well aware of the shadow that *Blakely* cast over the federal sentencing guidelines. See *Blakely*, 542 U.S. at 305 n.9; *id.* at 323–24 (O'Connor, J., dissenting). It therefore took the precaution of adding that if the guidelines were struck down in *Blakely*'s wake, it was imposing an alternative sentence of 115 months' imprisonment, which it called "the reasonable and fair sentence which should be done under the circumstances without the use of the guidelines."

## II

On appeal Best principally contends that the court erred by denying him the downward adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, arguing that his decision to make the legal argument under *Blakely* that the government had the burden of proving the extra drug quantity beyond a reasonable doubt did not amount to falsely denying relevant conduct. As Best suggests, a defendant who contests the application of the law to his case does not necessarily forfeit entitlement to acceptance of responsibility. *United States v. Woodard*, 408 F.3d 396, 397–98 (7th Cir. 2005); *United States v. Hicks*, 368 F.3d 801, 808–09 (7th Cir. 2004). On the other hand, contesting factual guilt or relevant conduct that the court finds to have occurred is typically inconsistent with acceptance of responsibility. *Woodard*, 408 F.3d at 397–98; *Hicks*, 368 F.3d at 808–09; *United States v. Booker*, 248 F.3d 683, 689–91 (7th Cir. 2001). We have thus held that a defendant who pleaded guilty but objected to the PSR's findings regarding drug quantity and gun possession was properly denied acceptance of responsibility. *Booker*, 248 F.3d at 689–91. Likewise, when a defendant who pleaded guilty refused to concede responsibility for drug amounts, we wrote that "it is permissible to withhold an acceptance of responsibility deduction from a defendant who denies relevant conduct in the face of credible statements." *United States v. Berthiaume*, 233 F.3d 1000, 1004 (7th Cir. 2000).

Here, Best did not argue that the government's proof of the enlarged drug quantity was, if true, nonetheless legally immaterial under *Blakely*. Instead, he actively opposed the evidence of the additional drug amounts when he assailed the credibility of the witnesses. Under these circumstances, the district judge did not clearly err when it concluded that Best had not accepted responsibility. See *United States v. Bothun*, 424 F.3d 582, 586 (7th Cir. 2005); *Booker*, 248 F.3d at 690.

Best also argues that the district court erred by sentencing him under the formerly mandatory regime. If the district court had limited itself to such a sentence, then Best would have a point. See *United States v. Booker*, *supra,* 125 S. Ct. 738; *United States v. Castillo*, 406 F.3d 806, 823 (7th Cir. 2005). But it did not; instead, it attempted to cover all the bases by imposing in the alternative a discretionary sentence informed, but not mandated, by the guidelines. See *United States v. George*, 403 F.3d 470, 472–73 (2005). This was exactly what we encouraged the district courts to do during the uncertain period between the Supreme Court's decisions in *Blakely* and *Booker.*  See *Booker*, 375 F.3d at 515. We have affirmed such alternative sentences since *Booker* was decided. See, *e.g.*, *United States v. Bryant*, 420 F.3d 652, 654–56 (7th Cir. 2005).

All that remains is to assess the discretionary alternative sentence of 115 months for reasonableness. Best contends that the court failed adequately to consider the factors under 18 U.S.C. § 3553(a) and thus ended up with an unreasonably long sentence.  He explains that the court could not have known in early July 2004 that it was required to consider *all* of the § 3553(a) factors, even factors forbidden under the formerly mandatory guidelines. The specific factors that Best thinks that the court may have overlooked are promoting respect for the law, the defendant's educational and vocational needs, and disparities in sentencing.

Now, as before, a sentencing court must start its analysis by calculating the proper guideline range. *United States v. Dean*, 414 F.3d 725, 727 (7th Cir. 2005).  After performing that calculation, the court must provide the defendant with "an opportunity to draw the judge's attention to any factor listed in section 3553(a) that might warrant a sentence different from the guidelines sentence." *Id.* at 730. The court need not enumerate all those factors "in checklist fashion," *id.* at 729, nor discuss factors that were undisputed or immaterial, see *United States v. Newsom*, No. 03-3366, 2005 WL 2861576, at *3 (7th Cir. Nov. 2, 2005); *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005).  "[I]t is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *George*, 403 F.3d at 473. In all but a small number of cases, a sentence within the guideline range will be upheld as reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Best's sentence was in the middle of the range and thus was entitled to a rebuttable presumption of reasonableness. While imposing his sentences, the court expressly considered his background and the circumstances of his crime, as well as the need for deterrence and rehabilitation, all of which are factors set forth in § 3553(a). Although Best identified a few points that he thinks that the district court may not have considered, he does not identify any facts that he refrained from putting before the district court or explain how any factor would render his sentence unreasonable.

Best may in the end be arguing something quite different from reasonableness, namely, that the court followed the wrong procedures. See *Rodriguez-Alvarez*, 425 F.3d at 1045–46. This type of error (if it existed at all) is subject to harmless error analysis, however, see *id.*, and here it was harmless because the judge proceeded in a manner consistent with our expectations post-*Booker*. *Cf. Bryant*, 420 F.3d at 655 (explaining that a pre-*Booker* alternative sentence was correctly imposed even if the judge did not anticipate—in the appellant's words—*Booker*'s "precise holding"). Since the judge said that he would impose an identical sentence even assuming that the guidelines were not binding, we have no doubt he would say the same thing again if we were to ask him.

Because the district court properly calculated the guidelines range, applied the guidelines as advisory, and imposed a reasonable sentence, the judgment of the district court is **A**FFIRMED. We thank Best's appointed counsel.