UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 3, 2006
Decided February 16, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4218

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　*v.*

BERNARD HAWKINS,
　　　　　*Defendant-Appellant.*

Appeal from the United States
District Court for the Northern
District of Indiana,
Hammond Division.

No. 03 CR 75

James T. Moody,
*Judge.*

**O R D E R**

Bernard Hawkins again appeals his 151-month sentence for assaulting a federal law enforcement officer, reimposed by the district court after we remanded for resentencing in light of *United States v. Booker,* 543 U.S. 220 (2005).  Hawkins again argues that he was entitled to have a jury determine whether he is a career offender for purposes of the Sentencing Guidelines.  We rejected this argument in Hawkins's first appeal, citing *Almendarez-Torres v. United States,* 523 U.S. 225 (1998), and also *United States v. Lewis,* 405 F.3d 511, 513-14 (7th Cir. 2005), which reaffirmed that the determination of whether a prior conviction qualifies as a crime of violence for purposes of a guidelines recidivist enhancement is a legal rather than factual determination.  Even if *Almendarez-Torres* were overruled, Hawkins's argument would be a loser; this case involves a guidelines (not statutory) recidivist enhancement, and guidelines calculations are governed by the remedial opinion in *Booker.  See United States v. Woodard*, 408 F.3d 396 (7th Cir. 2005).

Hawkins also renews his argument that his prior escape conviction cannot be considered a crime of violence because it was only a "walkaway" escape (from a halfway house), not a forcible escape. We rejected this argument last time, too, having previously held that escape is categorically a crime of violence under the guidelines. *See United States v. Bryant,* 310 F.3d 550, 554 (7th Cir. 2002).

Hawkins's 151-month sentence is within a properly calculated guidelines range and is reasonable. Hawkins objects to the increased range produced by application of the career offender enhancement, but that's not a ground on which a sentence is unreasonable. To the contrary, Congress requires career offenders to be sentenced near the statutory maximums. *See* 28 U.S.C. § 994(h). The United States would have had a solid argument that a 151-month sentence is too low (the statutory maximum is 240 months); it can't be called too high.

AFFIRMED.