| UNPUBLISHED ORDER |
| :---: |
| Not to be cited per Circuit Rule 53 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 3, 2006
Decided April 14, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4217

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>CLIFTON DUNN,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division.<br><br>No. 03 CR 25<br><br>Rudy Lozano,<br>*Judge.* |

**O R D E R**

The Government filed a nine-count indictment against defendant-appellant Clifton Dunn and two co-defendants on March 5, 2003, alleging violations on Dunn's part of 21 U.S.C. § 841(a)(1) (distribution of controlled substances), 18 U.S.C. § 922(g)(1) (felon in possession of firearm), and 18 U.S.C. § 1512(b)(1) (obstruction of justice). Dunn appeals on the basis of five alleged errors in his sentencing for distribution of crack cocaine. For the reasons discussed below, we affirm the judgment of the district court.

# I.  BACKGROUND

Clifton Dunn was a long-term distributor of narcotics until his indictment in 2003.  Prior to his indictment, the Government had arranged several purchases of crack cocaine from Dunn through a confidential informant.  Federal agents had also conducted a warranted search of Dunn's apartment and recovered a .40 caliber handgun and a shotgun.

Initially, Dunn entered a plea of not guilty and both sides prepared for trial.  After a jury had been selected and both sides had made opening statements, Dunn decided to change his plea to guilty.  He pled guilty to Counts 1, 2, 3, and 5 of the Indictment, the drug distribution and firearms charges.  At his sentencing hearing, Dunn's former associate in his cocaine dealings, Antuan Townsend, testified.  The Government also introduced the grand jury testimony of David Payton, an informant who was Dunn's former cocaine customer.  Payton testified before the grand jury that Dunn had discovered the identity of the Government's confidential informant and had requested Payton's assistance in luring the confidential informant to a location where he would be murdered.  Payton also identified the guns that Dunn possessed.

On the basis of Dunn's guilty plea and the evidence introduced at his sentencing hearing, Judge Lozano concluded that Dunn's total offense level under the United States Sentencing Guidelines was 42 and that he fell in criminal history category IV.  His advisory Guidelines range was thus 360 months to life.  Judge Lozano sentenced him to concurrent terms of 360 months for Counts 1, 2, and 3, as well as a concurrent term of 120 months for Count 5, on October 26, 2005.  The court also ordered eight years of supervised release upon Dunn's release from imprisonment.

# II.  ANALYSIS

## A.      Type and Quantity

We reject Dunn's challenges to the district court's findings that the substance in question was crack cocaine and that he was responsible for distributing more than 500 grams.  Dunn's only argument is that Judge Lozano erred in crediting the testimony of Townsend in making these findings, as evidenced by alleged inconsistencies in Townsend's testimony.  We review the district court's factual conclusions as to drug type and quantity for clear error. *See United States v. Delatorre*, 406 F.3d 863, 866 (7th Cir. 2005) ("Drug quantity and whether uncharged offenses are relevant conduct are questions of fact, which before *Booker* we reviewed for clear error, and still do") (internal citations omitted); *United States v. Parker*, 245 F.3d 974, 977 (7th Cir. 2001) ("We review the district court's drug type determination for clear error").

As Dunn's counsel conceded at oral argument, he faces a "huge hurdle" in demonstrating that this court should reverse the district court's credibility findings. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003) ("we defer to the district court's determination of witness credibility, which can virtually never be clear error") (quoting *United States v. Noble*, 246 F.3d 946, 953 (7th Cir. 2001)). Here, Dunn fails to surmount this hurdle as he only alleges minor inconsistencies in Townsend's testimony that do not undermine the district court's findings as to drug type and quantity. In concluding that the drug involved was crack cocaine, the district court relied on multiple witnesses with personal knowledge, including Dunn's partner and one of his customers. The court also explained at least three different methods by which it could logically conclude, based on the available evidence, that Dunn was responsible for more than 500 grams of crack cocaine. Thus, Dunn's type and quantity arguments fail.

## B.    Obstruction of Justice Enhancement

We also affirm the imposition of a two-level enhancement for obstruction of justice. *See* U.S.S.G. § 3C1.1. The obstruction of justice enhancement was based primarily on Payton's grand jury testimony, which implicated Dunn in a plot to murder a confidential informant. This court has observed that "a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come . . . [and] without regard to the rules of evidence." *United States v. Hankton*, 432 F.3d 779, 789 (7th Cir. 2005) (quoting *United States v. Lemmons*, 230 F.3d 263, 270 (7th Cir. 2000) (quoting U.S.S.G. § 6A1.3)) (internal quotation marks omitted). The information the district court considers, however, must have "sufficient indicia of reliability to support its probable accuracy." *See United States v. Cleggett*, 179 F.3d 1051, 1054 (7th Cir. 1999).

Here, the district court relied exclusively upon transcript excerpts from Payton's grand jury testimony, and Payton did not testify at Dunn's sentencing hearing. We have previously questioned the use of testimony which has "not been subjected to adversarial testing" in making sentencing determinations. *See United States v. Jones*, 371 F.3d 363, 369 (7th Cir. 2004). However, in this case Payton's testimony was corroborated by the discovery of the guns Dunn intended to use to murder the confidential informant as well as the existence and identity of the confidential informant. The evidence thus had sufficient indicia of reliability. Although live testimony from a witness like Payton might be preferable, given these facts, we do not find clear error in the district court's decision to apply an enhancement for obstruction of justice.

## C.　Acceptance of Responsibility

Dunn's argument that the district court erred in denying him a two-level adjustment for acceptance of responsibility is rejected.  The Sentencing Guidelines allow for a discretionary adjustment "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  Our inquiry is limited to the question of whether the district court committed clear error in declining to reduce Dunn's offense level for acceptance of responsibility.  *United States v. Gilbertson*, 435 F.3d 790, 798 (7th Cir. 2006) ("An acceptance of responsibility determination is a factual finding that we review for clear error").

The first obstacle barring a finding of clear error is our precedent dictating that "[a] defendant whose sentence was properly enhanced for obstruction of justice is presumed not to have accepted responsibility." *United States v. Davis*, No. 05-2489, --- F.3d ----, 2006 WL 799184 at *5 (7th Cir. Mar. 30, 2006) (citing *United States v. Partee*, 301 F.3d 576, 580-81 (7th Cir. 2002)).  As discussed above, the district court did not err in concluding that Dunn's sentence should be enhanced for obstruction of justice.  The second obstacle is that we have refused to find clear error for such a denial when the defendant allowed the case to proceed to jury selection before pleading guilty.  *See United States v. Galbraith*, 200 F.3d 1006, 1016 (7th Cir. 2000); *see also United States v. Ewing*, 129 F.3d 430, 436 (7th Cir. 1997) (affirming denial of acceptance of responsibility where defendant did not enter a guilty plea until the last business day before the trial was to begin).  The reason for these holdings is that the purposes of Section 3E1.1(a) are to "spare the prosecution the risk and expense of trial" and to reward "genuine contrition (which implies a reduced risk of recidivism)." *United States v. Woodard*, 408 F.3d 396, 397 (7th Cir. 2005).  Dunn allowed the case to proceed significantly farther than the defendants in *Galbraith* and *Ewing*—before he changed his plea, the jury was selected and sworn, and both sides had made opening arguments.  The cost of these proceedings was not insubstantial.  Thus, Dunn cannot demonstrate that the district court committed clear error in denying him a reduction in his offense level for acceptance of responsibility.

## D.　*Ex Post Facto* Clause

Finally, Dunn argues that his sentencing violated the *ex post facto* clause of the United States Constitution because, after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), he was exposed to a higher sentence than was available at the time he committed his crime.  "The *ex post facto* clause prohibits the retrospective application of criminal laws **that materially disadvantage** a defendant." *Flores-Leon v. I.N.S.*, 272 F.3d 433, 440 (7th Cir. 2001) (emphasis added); U.S. CONST. art. I, § 9, cl. 3.  Though the *ex post facto* clause is typically applied to statutes, it is also applicable to certain judicial decisions.  *See Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964).

Dunn does not have standing to raise this issue. "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered actual or threatened injury as a result of the putatively illegal conduct . . . and that the injury can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982) (internal citations and quotation marks omitted); *cf. United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998) (defendant lacked standing to challenge the constitutionality of Sentencing Guidelines provision that was not used to calculate his sentence); *United States v. Zavala-Serra*, 853 F.2d 1512, 1516-17 (9th Cir. 1988) (defendant had no standing to challenge five-year mandatory minimum provision in 21 U.S.C. § 841(b)(1)(B) where he had received a ten year sentence). It is undisputed that Dunn's sentence fell within the Guidelines (at the bottom of the range, in fact). By making the Guidelines advisory, *Booker* allows a sentencing judge to impose a sentence that is lower or higher than the Guidelines range. Had the district court chosen to impose a sentence that was higher than the Guidelines range, Dunn would have standing to raise a claim that he had been subjected to an unconstitutional sentence. But here, it would have been impossible for the district court to impose a higher sentence because the top of the Guidelines range was life imprisonment.

Regardless, as acknowledged by Dunn, his argument that his sentencing violated the *ex post facto* clause of the United States Constitution has already been rejected by this court, as well as four other circuits. *See United States v. Jamison*, 416 F.3d 538, 539 (7th Cir. 2005) (rejecting "an *ex post facto* claim based on the remedial holding in *Booker*."); *United States v. Dupas*, 419 F.3d 916, 919-21 (9th Cir.2005); *United States v. Lata*, 415 F.3d 107, 110-11 (1st Cir.2005); *United States v. Scroggins*, 411 F.3d 572, 576 (5th Cir. 2005); *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir.2005). The rationale of our holding in *Jamison* was that the defendant had fair warning of the maximum sentence for his crime by virtue of the sentencing statute. *See Jamison*, 416 F.3d at 539. Dunn presents no reasons to disturb our holding in *Jamison*, and he cites no precedent supporting his theory. Thus, his *ex post facto* clause argument is rejected.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.