UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2006
Decided April 20, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1676

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 01 CR 730 |
| STEVE TROMBETTA,<br>    *Defendant-Appellant*. | Robert W. Gettleman,<br>*Judge*. |

**O R D E R**

Steve Trombetta was convicted after a jury trial of one count of conspiracy to possess and distribute MDMA (methylenedioxymethamphetamine), commonly known as Ecstasy, 21 U.S.C. §§ 846, 841(a)(1), and one count of possession with intent to distribute Ecstasy, *id*. § 841(a)(1). He was sentenced within the guidelines range to a total of 110 months' imprisonment and three years' supervised release. Mr. Trombetta filed a timely notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Mr. Trombetta to respond to

counsel's motion, but he has not done so. We therefore confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Maeder*, 326 F.3d 892, 893 (7th Cir. 2003).

The most significant question posed by current counsel is whether Mr. Trombetta might argue on appeal that the lawyer who represented him until his sentencing, Anthony Schumann, was ineffective. Mr. Trombetta went to trial, but Schumann offered neither opening nor closing statements, cross-examined none of the government's witnesses and called no witnesses of his own. Nothing in the record explains Schumann's failure to put on any sort of defense before the jury. The district court found Schumann's behavior troubling and at sentencing, after allowing him to withdraw for reasons not set out in the record, commented: "[Schumann] never made an opening statement, he never asked a question, and he never made a closing statement. . . . I said, 'Why didn't you just plead guilty?' And his answer was 'They never offered us a deal that was any good.'"

Appellate counsel concludes that it would be premature to challenge Schumann's performance on direct appeal, and we agree. Our review of the effectiveness of counsel's assistance is "highly deferential," *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Earls v. McCaughtry*, 379 F.3d 489, 494 (7th Cir. 2004), and we give "wide latitude for behavior stemming from trial strategies," *Earls*, 279 F.3d at 494. In this case the district court expressed doubt that Schumann had a trial strategy, and the lawyer who took over for Schumann at sentencing was unable to explain his conduct when the court expressed its concern. Noting that the new lawyer (a third lawyer represents Mr. Trombetta before this court) had not raised an argument concerning Schumann's representation, the court said: "Maybe there is another avenue to do that, and maybe that's how we have to deal with this, where I would actually probably hold a hearing on this and ask Mr. Schumann what was in his head. It has bothered me ever since that trial." The need to develop the record to clarify Schumann's intentions is a compelling reason why a claim of ineffective assistance of counsel is better reserved for a motion under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005).

Counsel has also considered arguing that there was insufficient evidence presented at trial to support Mr. Trombetta's convictions. Mr. Trombetta never moved for a judgment of acquittal, *see* Fed. R. Crim. P. 29, so we would review such a claim for plain error. We would reverse only if allowing the convictions to stand would result in a "manifest miscarriage of justice." *United States v. Williams*, 298 F.3d 688, 692 (7th Cir. 2002); *see also United States v. Rock*, 370 F.3d 712, 714 (7th Cir. 2004). Mr. Trombetta was arrested at the culmination of an arranged transaction in which he and his codefendant attempted to sell Ecstasy to an

undercover officer through a middleman, an informant cooperating in the investigation. The evidence at trial showed that while his codefendant waited nearby with the drugs Mr. Trombetta met the undercover officer and informant in the parking lot of an Olive Garden restaurant. The evidence also showed that before proceeding with the transaction Mr. Trombetta patted down the officer and tried to trick him into admitting he was a police officer, that after Mr. Trombetta was shown the buy money he called his codefendant and arranged a meeting where he picked up the drugs, and that he then brought the drugs back to the Olive Garden and gave them to the informant. The government established these events not only through the testimony of the informant, the undercover officer, and the surveillance officers, but also with telephone conversations the informant recorded between himself and Mr. Trombetta and telephone records showing Mr. Trombetta's calls to his codefendant in arranging the sale. The government also offered the drugs themselves, nearly 1800 tablets of what the defense stipulated was Ecstasy, and the testimony of a fingerprint expert who testified that Mr. Trombetta's fingerprints were on the baggies in which the drugs were found. The evidence overwhelmingly supports the jury's guilty verdicts, and we agree with counsel that a contrary argument would be frivolous.

The remaining potential issues arise from Mr. Trombetta's sentencing, and here counsel starts by considering whether to base an appeal on the district court's refusal to grant Mr. Trombetta a downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. Mr. Trombetta sought the adjustment on the premise that he cooperated with the government. Mr. Trombetta was released on bond with the expectation that he would assist the government with narcotics investigations, but the government refused his further help after he made an unauthorized attempt to locate the informant who helped the government make the case against him. Mr. Trombetta characterized this effort to find the informant as part of his cooperation, but the government suspected that his real goal was to intimidate the informant. We have held that acceptance points are largely intended "to help the government and the judiciary avoid the time and expense of trial" and thus are generally unavailable to defendants who exercise their right to a trial. *United States v. Cunningham*, 103 F.3d 596, 598 (7th Cir. 1996). And while counsel at sentencing argued that Mr. Trombetta's lack of participation at trial should have preserved his eligibility for the adjustment, his choice to go to trial was enough to oblige the district court and the prosecution to expend time and resources regardless of his passivity in the courtroom. Application Note 2 to § 3E1.1 explains that going to trial does not automatically make a defendant ineligible for acceptance points but will likely do so unless the defendant chose a trial "only to obtain a ruling on a contested legal issue." *United States v. Lange*, 312 F.3d 263, 270 (7th Cir. 2002). It is not error for a district court to withhold § 3E1.1 consideration from a defendant who stands on his right to trial while maintaining his factual innocence. *See United States v. Woodard*, 408

F.3d 396, 397-98 (7th Cir. 2005); *Lange*, 312 F.3d at 270. It would therefore be frivolous to proceed with this contention on appeal.

Counsel next contemplates an argument that the sentencing court improperly treated the sentencing guidelines as mandatory or failed to consider the factors set out in 18 U.S.C. § 3553(a). But Mr. Trombetta was sentenced after the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), and the district court clearly understood and explicitly stated that it was not bound by the Guidelines. Moreover, the court recited the various § 3553(a) factors and analyzed several of them in depth, such as the need for the sentence to reflect the seriousness of the crime, 18 U.S.C. § 3553(a)(1); the need to protect the public from the defendant's further crimes, *id.* § 3553(a)(2)(C); and the need to make vocational training, education, and medical care available to Mr. Trombetta, *id.* § 3553(a)(2)(D). That analysis was more than sufficient to make an appeal on this ground frivolous, as district courts "need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005).

Finally, counsel considers whether Mr. Trombetta might base his appeal on the district court's refusal to grant his request for a sentence below the guidelines range. Counsel suggests that we lack jurisdiction even to consider the court's discretionary decision to not grant this request, which would have been characterized as a motion for a downward departure before *Booker*, but counsel is incorrect. We repeatedly have held that "the concept of 'departures' has been rendered obsolete in the post-*Booker* world." *United States v. Arnaout*, 431 F.3d 994, 1003 (7th Cir. 2005); *see also United States v. Boscarino*, 437 F.3d 634, 637 (7th Cir. 2006) (*Booker* "abolished 'departures' by making the Guidelines advisory"); *United States v. Johnson*, 427 F.3d 423, 425 (7th Cir. 2005). After *Booker* we must review all sentences for reasonableness, and thus "we necessarily must scrutinize, as part of that review, the district court's refusal to depart from the advisory sentencing range." *United States v. Vaughn*, 433 F.3d 917, 924 (7th Cir. 2006). Regardless, we agree that it would be frivolous for Mr. Trombetta to argue in this case that the sentencing court was compelled to impose a sentence below the advisory guideline range.

Mr. Trombetta first asked the district court to grant him sentencing consideration for diminished mental capacity that "contributed substantially to the commission of the offense," *see* U.S.S.G. § 5K2.13, but the district court heard fom multiple experts and found after a lengthy discussion of their testimony that Mr. Trombetta's mental capacity was not so impaired that it would have justified a sentence below the advisory guidelines range. Mr. Trombetta also argued for a

reduced sentence based on what he characterized as the arresting officers' use of excessive force, but the district court reasoned that, if officers did use excessive force, then a civil suit rather than sentencing consideration would be the appropriate remedy.  Mr. Trombetta also requested a reduction in his sentence because he believed his criminal history category overrepresented the seriousness of his criminal history, *see* U.S.S.G. § 4A1.3(b)(1), although the calculation he proposed would not have taken him out of Criminal History Category V.  He also argued that his voluntary participation in post-offense rehabilitation through therapy sessions justified a lower sentence because his therapist informed the court that he "diligently addressed issues in his life that had impaired his judgment and overall well-being." But Mr. Trombetta's sentence was within the advisory guidelines range, which gives it a presumption of reasonableness, *see United States Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005), and the court's rejection of his arguments does not rebut that presumption, *see United States v. Cunningham*, 429 F.3d 673, 679-80 (7th Cir. 2005) ("If the judge could, without abusing his discretion, have ruled in the defendant's favor, the defendant is entitled to insist that the judge exercise discretion, though he cannot complain if the exercise goes against him."); *United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005).  Accordingly, it would be frivolous to press on with an appeal based on this or any other issue identified by counsel.

For the reasons set forth above, we GRANT the motion to withdraw and DISMISS this appeal.