NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
#### Chicago, Illinois 60604

Submitted October 2, 2007[*]
Decided October 12, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** DANIEL A. MANION, Circuit Judge

**Hon.** ANN CLAIRE WILLIAMS, Circuit Judge

No. 07-1466

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

*v.*

JAMES STEVENS,
    *Defendant-Appellant*.

Appeal from the United States District Court for the Western District of Wisconsin.

No. 06-CR-157-C

Barbara B. Crabb, *Chief Judge*.

**Order**

James Stevens distributed crack cocaine and pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 200 months' imprisonment as a career offender. See U.S.S.G. §4B1.1, implementing 28 U.S.C. §994(h). The sentence, which is within the range recommended by the Guidelines, is presumed reasonable on appeal. *Rita v. United States*, 127 S. Ct. 2456 (2007).

Stevens contends that crack cocaine should not count for 100 times the weight of cocaine hydrochloride. Although the Supreme Court has a similar argument under consideration in *Kimbrough v. United States*, No. 06-6330 (argued October 2, 2007), Stevens could not benefit no matter what happens there. First, the argument that Kimbrough has made is that a district judge may use a different ratio if the judge thinks it appropriate; here the district judge did not express any dissatisfaction

---

[*] Appellant waived oral argument in this appeal.

with the ratio. See *United States v. McMahan*, 495 F.3d 410, 424 (7th Cir. 2007). No one contends in *Kimbrough* that district judges *must* use a different ratio. Second, Stevens's sentence is within the range calculated for a career offender under §4B1.1 without regard to the crack/powder ratio. The career-offender guideline, not the weight of defendant's sales, is what led to his sentence.

*United States v. Booker*, 543 U.S. 220 (2005), does not disturb §994(h) or §4B1.1. See *United States v. Woodard*, 408 F.3d 396 (7th Cir. 2005). And although Stevens argues that he is not as bad as his criminal history implies, the district judge did not commit clear error in concluding that with 23 criminal history points (only one short of his age) Stevens is a career criminal who specializes in drugs and violence. The judge stated that Stevens has a "horrendous criminal history" and is "pretty much out of control". One of his prior crimes, which Stevens calls "minor," was hitting a man over the head with a bottle; another was punching a person in the head four times and causing a substantial laceration. Both offenses are "crimes of violence" under the categorical approach used by the Guidelines. See U.S.S.G. §4B1.2(a)(1); *United States v. Peters*, 462 F.3d 716, 720 (7th Cir. 2006). The career-offender enhancement is designed for incorrigible offenders such as Stevens.

AFFIRMED