

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2006

# USA v. Null

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2791

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Null" (2006). *2006 Decisions.* Paper 900.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/900

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2791
_____

UNITED STATES OF AMERICA

v.

DEBRA ANN NULL

Debra Null,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Crim. Action No. 04-cr-00253
(Honorable Berle M. Schiller)
_____

Submitted Under Third Circuit LAR 34.1(a)
April 28, 2006

Before: SCIRICA, *Chief Judge*, NYGAARD, and ALARCÓN,* *Circuit Judges*

(Filed: June 14, 2006)
_____

OPINION OF THE COURT
_____

ALARCÓN, *Circuit Judge*.

*The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

The District Court sentenced Ms. Null to 21 months imprisonment and restitution in the amount of $499,923.65 for committing mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1344.  Ms. Null appeals from her sentence on the grounds that the length of the term of imprisonment violates her due process and Sixth Amendment rights and that the order that she make restitution violates the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).  We affirm.

**I**

From 1995 to 2001, Ms. Null worked at Pickering Valley Landscape, Inc. ("PVL") as a bookkeeper and secretary.  On April 30, 2004, the Government charged Ms. Null with one count of mail fraud in violation of  18 U.S.C. § 1341 (2005) and one count of bank fraud in violation of 18 U.S.C. § 1344 (2005) in an information.  The mail fraud charge stemmed from allegations that between 1998 and 2001, Ms. Null used the mails to advance a scheme that defrauded PVL of $ 413,427.26.  Ms. Null wrote unauthorized checks to pay her personal expenses.  She committed bank fraud by devising and executing a scheme to defraud Elverson National Bank by negotiating unauthorized checks totaling $86,496.39 from PVL's accounts at the bank.

On January 21, 2005, Ms. Null pled guilty to both counts in the information.  The guilty plea did not specify the amount of loss caused by Ms. Null's crimes.  On May 18, 2005, after the Supreme Court issued its opinion in *Booker*, the District Court sentenced Ms. Null to 21 months in prison and ordered her to pay $499,923.65 in restitution to PVL.

2

## II

## A

Ms. Null argues on appeal that because her offense was committed pre-*Booker*, the District Court erred in not applying the "mandatory" guideline scheme in effect at the time which would give her a sentence range of 0-6 months.[1] Application of *Booker*'s remedial holding that the guidelines are only "advisory," Ms. Null argues, violates ex post facto principles and her right to due process by increasing the maximum sentence she could receive from the top of the guideline range (6 months, according to Ms. Null) to the 35-year maximum allowed under the statutes defining the offenses in effect at the time.[2] Ms. Null also argues that under *Booker*, her sentence violates her Sixth Amendment right to trial by jury because it is not within the Sentencing Guidelines range of 0-6 months. She contends that since she did not admit or stipulate to the amount of the monetary loss

---

[1]Under the United State Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), sentences for mail and bank fraud are calculated in part by adding together a base offense level and a specific offense characteristic level. *See* U.S.S.G. § 2F1.1 (2000). A primary ingredient of the specific offense characteristic level is the amount of loss caused by the defendant's crimes – the greater the amount of money stolen, the longer the sentence imposed may be. *See id.* Ms. Null's sentence range, without any finding as to the amount of loss caused, with a base offense level of 6, would be 0-6 months. *See id.*; *see also* Presentence Investigation Report prepared by the U. S. Probation Office for Debra Ann Null, Case No. 04-00253 at 3.

[2]The mail fraud statute in effect in 1998 provided that anyone devising a scheme to defraud who uses the mails for the purpose of executing that scheme could be imprisoned for up to 5 years. 18 U.S.C. § 1341. The bank fraud statute provided that anyone who knowingly executes a scheme to obtain property under the custody of a financial institution by means of false pretenses could face up to 30 years in prison. 18 U.S.C. § 1344.

resulting from her fraudulent scheme at the time she entered her guilty plea, her sentence was solely based on judge-found facts, in violation of *Booker*. Whether a sentence violates the Due Process Clause and the Sixth Amendment of the United States Constitution is a legal question subject to plenary review. *United States v. Williams*, 235 F.3d 858, 861 (3d Cir. 2000).

Ms. Null argues that applying the remedial provisions of *Booker* retroactively to the dates of her offenses violated her right to due process by increasing the penalty ex post facto, without providing her fair warning of the enhanced punishment. We disagree. The remedial opinion in *Booker* did not change the potential sentence Ms. Null was eligible to receive. It is undisputed that mail fraud and bank fraud were crimes at the time of Ms. Null's offenses. Ms. Null had notice in 1998, when she began her criminal activity, that the statutory maximums for her mail and bank fraud crimes were 5 and 30 years, respectively; that a court would engage in fact-finding to determine her sentence; and that defrauding another of between $350,000 and $500,000 could result in a 21-month prison term.[3] Therefore, the District Court's application of the remedial opinion in

---

[3] The Sentencing Guidelines in effect at the time provided that a judge could find facts, by a preponderance of the evidence, to determine a sentence based in part on the amount of loss involved, and that if a judge found that a defendant caused a loss of between $350,000 and $500,000, that defendant could be sentenced to 21 months in prison. *See* 18 U.S.C. § 3551(a); U.S.S.G. § 2F1.1(b)(1)(J).

*Booker* did not deprive Ms. Null of her due process right to fair warning of the possible punishment for her criminal activity.[4]

**B**

Ms. Null's contention that the District Court violated her Sixth Amendment right to trial by jury by increasing her sentence based on judge-found facts, i.e. the amount of the monetary loss resulting from her fraudulent scheme, is also unconvincing. In entering her guilty plea to mail and bank fraud, Ms. Null did not indicate the amount of loss caused by her crimes. She argues that, under *Booker*, her maximum sentence must be based solely on the base offense level for mail and bank fraud, without any increase for the amount of the monetary loss resulting from her fraud. Ms. Null's reliance on *Booker* and *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc) for this proposition is misplaced. *Davis* applies only to sentences imposed before *Booker* under the mandatory provisions of the Sentencing Guidelines. 407 F.3d at 163-65. Ms. Null was sentenced

---

[4] The First, Second, Fifth, Seventh, Ninth and Eleventh Circuits have recently heard and rejected similar ex post facto arguments. *See United States v. Lata*, 415 F.3d 107 (1st Cir. 2005) (rejecting an ex post facto claim based on the remedial holding in Booker); *United States v. Vaughn*, 430 F.3d 518 (2d Cir. 2005) (same); *United States v. Scroggins*, 411 F.3d 572 (5th Cir. 2005) (rejecting similar due process challenge and stating "there is no warrant for not applying Justice Breyer's *Booker* opinion to this case"); *United States v. Jamison*, 416 F.3d 538 (7th Cir. 2005) (same); *United States v. Dupas*, 417 F.3d 1064 (9th Cir.), amended by 419 F.3d 916 (9th Cir. 2005) (same); *United States v. Duncan*, 400 F.3d 1297, 1306-08 (11th Cir. 2005) (rejecting an identical argument and stating that the defendant had sufficient warning to satisfy due process concerns because the U.S. Code informed him of the maximum punishment and the Federal Guidelines informed him that the judge would engage in fact finding to determine his sentence).

post-*Booker.* Justice Breyer's remedial opinion in *Booker* recast the Sentencing Guidelines as merely advisory. A district court judge is free to make any findings relevant to the Sentencing Guidelines calculation.

## III

Ms. Null also contends that the District Court erred in determining the amount of restitution she must pay because the Supreme Court's rulings in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005) proscribe a judge from determining the amount of restitution based on judge-found facts. "[W]e exercise plenary review over whether an award of restitution is permitted under law, [and] we review specific awards of restitution for abuse of discretion." *United States v. Crandon*, 173 F.3d 122, 125 (3d Cir. 1999).

After Ms. Null filed her appeal, this Court decided *United States v. Leahy*, 438 F.3d 328 (3d Cir. 2006) (en banc), which held that *Blakely* and *Booker* do not apply to orders of restitution imposed as part of a criminal sentence under the Mandatory Victim Restitution Act ("MVRA"), at issue here. 438 F.3d at 337 (*Booker* does not extend Sixth Amendment protection to criminals so as to bar a judge from determining the sum of restitution a defendant must pay). Accordingly, the District Court did not err in determining that the amount of loss was $499,923.65, or in ordering that Ms. Null pay that amount in restitution as provided under the MVRA.

For the foregoing reasons, we will affirm the judgment of the District Court.

6