

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-12-2006

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4523

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Thomas" (2006). *2006 Decisions.* Paper 335.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/335

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.: 05-4523

UNITED STATES OF AMERICA

v.

CHARLES CHUCK THOMAS
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 02-cr-00061)
District Court: Hon. James T. Giles

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2006

Before: McKEE, AMBRO, and NYGAARD, Circuit Judges

(filed: October 12, 2006 )

**OPINION**

McKEE, Circuit Judge

Charles Thomas appeals from the judgment of sentence imposed following his conviction for mail fraud, wire fraud, money laundering, and making false statements to a federal agency and to a federally-insured financial institution. For the reasons stated below, we will affirm.

**I.**

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because we write primarily for the parties, we have no need to recite the underlying facts of this case. We note only that the district court initially imposed a sentence of 84 months of imprisonment, and ordered restitution in the amount of $6,483,493. We remanded for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). On remand, the district court resentenced Thomas to 48 months imprisonment and reimposed its restitution in the same amount. This appeal followed.

Thomas argues that the reduced term of imprisonment was an improper *ex post facto* application of *Booker* because "the maximum sentence that could have been imposed in accord with the Sixth Amendment [before *Booker*] was 41 months." Appellant's Br. at 16. He also claims that since a jury did not determine the amount of the loss, the order of restitution violates his Sixth Amendment right to trial by jury. Both arguments are meritless.

Thomas claims that, because his reduced sentence of 48 months exceeds the base, offense maximum of 41 months that would have previously applied absent enhancements, this violated his Fifth and Sixth Amendment rights. However, the Supreme Court expressly mandated that courts "must apply today's holdings—both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act—to all cases on direct review." *Booker*, 543 U.S. at 268. Moreover, every court of appeals that has addressed the argument Thomas makes here has rejected it. *See United States v. Lata*, 415 F.3d 107, 110-13 (1st Cir. 2005); *United States v. Vaughn*, 430 F.3d 518, 524-25 (2d Cir. 2005); *United States v. Scroggins*, 411 F.3d 572, 575-76 (5th Cir. 2005); *United States v.*

2

*Richardson*, 437 F.3d 550, 555 (6th Cir. 2006); *United States v. Jamison*, 416 F.3d 538, 539-40 (7th Cir. 2005); *United States v. Morin*, 437 F.3d 777, 780; *United States v. Dupas*, 419 F.3d 916, 921-22 (9th Cir. 2005); *United States v. Duncan*, 400 F.3d 1297, 1306-08 (11th Cir. 2005); *United States v. Alston-Graves*, 453 F.3d 331, 343 (D.C. Cir. 2006).

That result is not surprising. Thomas clearly had notice of the applicable statutory maximum before he engaged in the illegal conduct he was convicted of, and nothing in *Booker* increased his exposure or altered the legal consequences of his conduct. There is no such increase or alteration merely because the sentencing court can now exercise its discretion in selecting an appropriate sentence within the same guideline range that applied before *Booker*. Accordingly, there is no *ex post facto* issue. Thomas' attempt to claim a Sixth Amendment violation because the jury did not find the amount of restitution has already been rejected by this court and is therefore also meritless. *See United States v. Leahy*, 438 F.3d 328, 331 (3d. Cir. 2006) (*en banc*). Accordingly, we will affirm.

_____