**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4807

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE LEE DUMAS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Joseph Robert Goodwin, District Judge. (CR-04-54)

Submitted: May 13, 2005                    Decided: June 3, 3005

Before LUTTIG, WILLIAMS, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Miller A. Bushong III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie Lee Dumas, Jr. pled guilty to one count of armed robbery in violation of 18 U.S.C. § 2113(a),(d) (2000) and the use of a "deadly weapon" in the commission of that offense. Dumas was sentenced based on a base offense level of twenty-four, pursuant to the United States Sentencing Guidelines Manual ("USSG") § 2D3.1(2) (2003), enhanced two levels under USSG § 2B3.1(b)(1) because property of a financial institution was taken, and enhanced five levels under USSG § 2B3.1(b)(2)(C) because a firearm was brandished or possessed during the offense. Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Dumas objected on the basis that he should only have been subject to a three-level guideline enhancement for use of a deadly weapon, see USSG § 2B3.1(b)(2)(E)), not a five-level enhancement for use of a firearm, because the facts underlying the five-level enhancement were not found by a jury and because Dumas pled guilty only to an unspecified "dangerous weapon."

We agree with Dumas that the district court erred in imposing a sentence based on facts not found by a jury or admitted by Dumas, in violation of the Sixth Amendment. See United States v. Booker, 125 S. Ct. 738, 756 (2005).[1] However, we reject Dumas'

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "we of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Dumas' sentencing.

contention that <u>Blakely</u> deprived the district court of the authority to impose a term of supervised release.

In view of the Supreme Court's holding in <u>Booker</u>, and because Dumas does not challenge the validity of his conviction, we therefore affirm the conviction, vacate the sentence and remand for resentencing.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>

---

[2]Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546 (applying <u>Booker</u> on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence.  <u>Id.</u>  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u> at 546-47.