**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-5183**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE LEE DUMAS, JR.,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  Joseph Robert Goodwin,
District Judge.  (CR-04-54)

—————————

Submitted:  April 26, 2006          Decided:  November 15, 2006

—————————

Before LUTTIG,<sup>*</sup> WILLIAMS, and DUNCAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, George H. Lancaster, Jr., Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant.  Charles
T. Miller, Acting United States Attorney, Miller A. Bushong, III,
Assistant United States Attorney, Beckley, West Virginia, for
Appellee.

—————————

<sup>*</sup>Judge Luttig was a member of the original panel but did not
participate in this decision.  This opinion is filed by a quorum of
the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie Lee Dumas, Jr. appeals his resentencing following this court's remand. See United States v. Dumas, 135 F. App'x 606 (4th Cir. 2005) (unpublished). For the reasons stated below, we affirm.

Dumas pled guilty to one count of armed robbery in violation of 18 U.S.C. § 2113(a),(d) (2000). At sentencing, Dumas objected to a five-level sentencing enhancement because a firearm was brandished or possessed during the offense, see U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(C) (2003), based on Blakely v. Washington, 542 U.S. 296 (2004). The district court overruled that objection and sentenced Dumas to 115 months' imprisonment. On appeal, we affirmed Dumas' conviction, but vacated his sentence and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005). On remand, the district court resentenced Dumas to the identical sentence imposed at the original sentencing.

Dumas now contends that the district court violated his due process rights, as informed by ex post facto principles, by imposing the same sentence under Booker rather than under the mandatory guidelines applicable at the time of his offense. We find this claim without merit. We have recently followed the lead of every other circuit to have considered the issue in concluding that the retroactive application of the remedial portion of Booker does not violate either due process or ex post facto guarantees.

- 3 -

<u>United States v. Williams</u>, 444 F.3d 250 (4th Cir. 2006). <u>See</u> <u>United States v. Dupas</u>, 419 F.3d 916, 919-21 (9th Cir. 2005) (rejecting ex post facto claim), <u>cert. denied</u>, 126 S. Ct. 1484 (2006); <u>United States v. Jamison</u>, 416 F.3d 538, 539-40 (7th Cir. 2005) (same); <u>United States v. Lata</u>, 415 F.3d 107, 110-12 (1st Cir. 2005) (same); <u>United States v. Scroggins</u>, 411 F.3d 572, 575-77 (5th Cir. 2005) (same); <u>United States v. Duncan</u>, 400 F.3d 1297, 1306-08 (11th Cir.) (same), <u>cert. denied</u>, 126 S. Ct. 432 (2005). We agree with our sister circuits that core due process concepts are satisfied because defendants like Dumas had fair warning of the statutory maximum sentence and thus knew the consequences of their actions at the time they committed the offense. Dumas was informed that if convicted of armed bank robbery, he would face up to twenty-five years' imprisonment. We therefore reject Dumas' ex post facto claim.

Moreover, a sentence imposed within a properly calculated guidelines range is presumptively reasonable. <u>United States v. Green</u>, 436 F.3d 449, 456 (4th Cir. 2006); <u>see also</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005) (holding that sentence must be "within the statutorily prescribed range and . . . reasonable."). Here, the district court properly consulted the guidelines and took them into account in determining Dumas' sentence, made all the factual findings appropriate for that determination, considered the sentencing range along with the other

factors described in § 3553(a), and imposed a sentence that was within the statutorily prescribed range and reasonable.

We therefore affirm Dumas' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED